# REUBEN MILLER

## *v.*

# N. M. WHITTAKER.

1. PRACTICE IN THE SUPREME COURT — *what the record should contain.* It is the duty of a party bringing a case before the Supreme Court on appeal or writ of error, to have a transcript of so much of the record certified to this court as will enable it to determine whether the errors of which he complains have intervened or not.

2. The pleadings in every case must be brought before the court.

3. In this case, a defendant in chancery brought the case to the Supreme Court by writ of error. He had answered the bill in the court below, but his answer was not set out in the transcript of the record certified to this court. Among other errors assigned, it was alleged that the allegations of the bill were not sustained by the proofs. *Held*, that the answer to the bill should have been set out in the transcript of the record in order that the court might know what allegations of the bill were admitted and what were denied.

4. PRACTICE IN CHANCERY — *of the necessity of a rule to answer an amended bill.* After a defendant in chancery had filed his answer, the complainant was allowed to amend his original bill. Subsequently the cause was set down for hearing upon the bill, the answer to the original bill, replication, &c., by the consent of the defendant. *Held*, that he could not, upon error, be heard to complain that he was not required to file a new answer to the bill as amended. He was at liberty to do so, but the complainant was not obliged to require it of him.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. DAVID DAVIS, Judge, presiding.

Whittaker exhibited his bill in chancery in the court below, against Miller, for the purpose of rescinding a sale made by the defendant to the complainant of a certain patent right, for the manufacture of iron tomb stones. The ground upon which the relief is sought, is the alleged drunkenness of the vendee at the time of the sale, procured through the art and fraud of the vendor, in order that he might the more easily induce Whittaker to purchase the right, which is alleged to be of no value, &c.

Miller filed his answer; after which the complainant was allowed to amend his bill by making one Flinchbaugh a party, against whom a decree *pro confesso* was rendered.

Depositions were taken; and, finally, the cause was set down for hearing upon the bill, answer, replication, &c., by the consent of the defendant, without having filed any new answer to the bill as amended, and without any rule being taken requiring him to do so.

A decree was rendered, granting the relief sought by the bill. Thereupon Miller sued out this writ of error, and now complains, *First*, that there was no rule had against him to answer the amended bill, claiming that no default could be taken until such a rule was made and discharged. *Second*, it is insisted the weight of evidence was with Miller.

Mr. W. H. HERNDON, for the plaintiff in error.

Mr. JAMES C. CONKLING, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This was a bill in chancery brought to rescind a sale of a patent right, upon the ground of fraud, and intoxication of the vendee. A decree was rendered in the court below in accordance with the prayer of the bill, from which one of the defendants appealed. It is the duty of a party bringing a case before us, by appeal or writ of error, to have a transcript of so much of the record certified to this court as will enable us to determine whether the errors of which he complains have intervened or not. We are not at liberty to guess at the contents of the record of the court below, or of any part of it. The record in the present case contains a transcript of the bill, certain depositions, and the decree, but none of Miller's answer. We do not know what allegations of the bill were admitted, or what were denied, and with no knowledge of the contents of the answer, we are unable to say that the allegations of the bill were not admitted. The pleadings in every case must be brought before us. After Miller had filed his answer, the bill was amended by making Flinchbaugh a party, against whom a decree *pro confesso* was rendered. The cause was set down for a hearing upon the bill, answer, replication, &c., by the consent

of the appellant, and he cannot now be heard to complain that he was not required to file a new answer. He was at liberty to file a new answer, but the complainant was not obliged to require him to do so. 1 Daniel's Ch. Pr. 468. As no error is shown by the record, the decree of the court below is affirmed.

*Decree affirmed.*