ASAHEL GAGE

*v.*

ARMANELLA R. BROWN.

*Filed at Ottawa June 16, 1888.*

1. CHANCERY—*rule to answer, after amendment of bill.* After the submission of a cause for hearing, upon the pleadings and proofs, the court, against the defendant's protest, allowed an amendment of the bill asking relief not before sought, refused to continue the cause, and entered a decree embracing the new matters: *Held,* that the court could not properly proceed to hear the case made by the amendment, without first laying a rule upon the defendant to answer.

2. ASSIGNMENT OF ERROR—*must be upon the record.* Cross-errors, to be considered, must be written upon or attached to the record, as required by rule 15 of this court. It is not sufficient that they are written upon a separate piece of paper.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the plaintiff in error.

Mr. CONSIDER H. WILLETT, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

After both parties had submitted this cause for hearing on the original and amended bills, and upon answers thereto, and upon the proofs taken, the court, against the protest of defendant, granted complainant's motion to further amend the original bill. That was done, and in the amendment made, complainant asked relief against a certain tax deed, not prayed for in the original bill, nor by any amendment to it. Thereupon, defendant entered a motion for a continuance, on the ground of surprise by the character of the amendment; that it made an entirely separate and distinct issue, and that as defendant is not a resident of this State, but of New Jersey,

and is not now in this State, his counsel was not ready for
trial upon any other issue than that presented by the bill.
Counsel filed his own affidavit in support of the motion for a
continuance, stating the grounds of such motion with the usual
fullness.   On counsel for complainant stipulating he would
"only use the record upon which the deed itself was issued,"
in support of the allegations of the amendment just made to
the bill, the court overruled the motion for a continuance, and
defendant saved an exception to that decision.   The court
then proceeded to hear further testimony, both oral and what
complainant's counsel calls "record" evidence, touching the
matters alleged in the last amendment to the bill, and ren-
dered a decree concerning matters alleged in the original bill,
and also concerning matters contained in the last amendment
to the bill.

It is quite evident the court proceeded erroneously.   It could
not properly proceed to hear the case as made by the last
amendment to the bill, without first requiring defendant to
answer the same.   As has been seen, it made an entirely dis-
tinct and separate issue, and asked for relief not demanded
by the original bill, nor by any previous amendment to it.   No
rule was laid upon defendant to answer instanter, or within
any reasonable time; and it was manifest error in the court
to proceed to further hear the cause upon additional proofs,
without answer, unless a rule had been first laid upon defend-
ant to answer, so that he could have been placed in default.

The motion to suppress certain depositions ought to have
been allowed.   It may be, what they contain is not very ma-
terial to the real issues involved; but conceding the depositions
had been returned in the condition the court found them to
be, the court should have allowed the motion to suppress.

The question argued by counsel for complainant, that the
chancellor "should have decreed without the imposition of any
conditions, under the peculiar  *  *  *  circumstances of the
record," can not be considered, for the reason no assignment

of "cross-errors" has been "written upon or attached to the record," as required by rule 15 of this court. What purport to be cross-errors are assigned upon a separate piece of paper, and are filed among other papers in the cause. That, this court has frequently held, is not a compliance with the rule. *Ditch* v. *Sennott,* 116 Ill. 288; *Benneson* v. *Savage,* 119 id. 135.

For the error indicated, the decree will be reversed and the cause remanded.

*Decree reversed.*