ROAD DISTRICT No. 3 OF EDWARDS COUNTY

*v.*

DORATHA MILLER.

*Filed at Mt. Vernon April 2, 1895.*

156    221
190   ²413

156    221
104a  ¹349

156    221
203   ²556
106a  ¹  13

1. APPEALS AND ERRORS—*transcript of record must show the pleadings.* An appellant must, at all events, show in the transcript of the record the state of the case upon the pleadings, and upon his failure so to do the judgment will be affirmed or the appeal dismissed.

2. SAME—*contest as to boundary line does not involve freehold.* A controversy as to the true boundary line between a highway and the land of an abutting owner does not involve a freehold, so as to give the Supreme Court jurisdiction of an appeal.

APPEAL from the Circuit Court of Edwards county; the Hon. CARROLL C. BOGGS, Judge, presiding.

J. M. CAMPBELL, and H. J. STRAWN, for appellant.

L. W. LOW, and HANNA & HANNA, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant, road district No. 3, in Edwards county, prosecutes this appeal to reverse a judgment of the circuit court of said county, entered upon the verdict of a jury finding the defendant not guilty in what is claimed by appellant to have been a proceeding against appellee to recover the penalty imposed by section 71, chapter 121, of the Revised Statutes, for obstructing or placing encroachments upon the public highway.

From the incomplete record it is impossible to ascertain just what the proceeding was, and whether under the statute or not.   All that portion of the record proper, save the usual *placita*, which was necessarily made anterior to the impaneling of the jury and the trial, and also the files in the case, are omitted.   In the absence of the pleadings there is nothing before this court from which the issues in the case can be legally ascertained, nor, in fact, what the case really was.   While it is reasonably manifest that the proceeding was one against appellee for an alleged obstruction of the public highway, there is no means for determining whether the charge was proved as laid, whether the verdict and judgment were contrary to the law and the evidence, as is insisted, or whether, by its instructions, the court gave the law to the jury with sufficient accuracy or not.   In short, the record is not sufficient to enable us to determine the errors assigned upon it.   Counsel for appellant also state, in their brief, that it was an action originally brought before a justice of the peace of Edwards county, and then taken by appeal to the circuit court; but nothing of that kind appears upon the record before us, and we have no means of knowing whether the case originated in the circuit court or before a justice of the peace.

This court must predicate its judgment upon the record.   We are not at liberty to infer what was the issue or what should have been the actual occurrences or steps

taken in the case.    The party bringing a case to this court must, at all events, show in the transcript of the record the state of case upon the pleadings.    "The pleadings, in every case, must be brought before us," (*Miller* v. *Whittaker*, 33 Ill. 386; *Van Meter's Heirs* v. *Lovis' Heirs*, 29 id. 488;) and if the party complaining does not do this, the judgment of the court below will be affirmed or the appeal dismissed.    (Idem.)  Moreover, if it be conceded that the issues in the court below were as claimed in the brief of counsel for appellant, it is reasonably clear, at least, that an appeal does not lie to this court.    There seems to have been no dispute as to the existence of the road, the width of it, or the rights of the public therein.    The defendant claimed no title or interest in the land constituting the highway not consistent with a full and absolute right and enjoyment of it by the public.    The only controverted question was one of fact,—as to whether the defendant had set her fence in the public highway, or back some few feet from it, on her own land.    The controversy therefore resolved itself into one of the true location of the road.  Wherever the public highway might be found actually to be, the defendant, it appears, was willing to concede the same to its full and lawful width, and the liability of the defendant, under the statute, for placing encroachments upon the highway was made to depend, not upon any question of title or ownership, or easement in the public, but upon a determination of the true boundary line between her land and the right of way.    It is therefore manifest that a freehold is not involved, and the cases of *Brushy Mound* v. *McClintock*, 146 Ill. 643, and *Chaplin* v. *Commissioners of Highways*, 126 id. 264, where the existence of the highway was in dispute and a determination thereof necessary to a decision of the case, can have no application.

Preferring to pursue the course least prejudicial to appellant, the appeal, for the reasons above indicated, will be dismissed.                        *Appeal dismissed.*