HARRIET ADAMS

*v.*

EMMA F. GILL *et al.*

*Filed at Springfield October 14, 1895.*

1. PRACTICE—*in equity—defendant must be ruled to answer amended bill.* Upon amendment of a bill to reform a deed, changing the charge from mistake to fraud, the court cannot proceed to a hearing without ruling the defendant to answer.

2. APPEALS AND ERRORS—*failure to require answer may be assigned for error, on appeal.* A defendant is not, in such case, estopped to assert, on appeal, that he should have been required to answer the amended bill, where he objected below to proceeding further and moved to dismiss the bill, especially as a new and distinct issue is presented by the amendment. *Miller* v. *Whittaker,* 33 Ill. 386, and *Long* v. *Fox,* 100 id. 43, distinguished.

3. JUDGMENTS AND DECREES—*what amendment of decree cannot be made after term.* A decree cannot be amended, after the term, to make it appear that it was rendered on a second amended bill changing the cause of action, instead of upon the original bill, where such amendment is one of substance.

4. VARIANCE—*proof of fraud does not support allegation of mistake.*
Proof that parties to a deed, by deception, induced the grantors to
sign it, is a fatal variance from a bill alleging a mistake of the
scrivener, by which a fee was conveyed, instead of the intended life
estate.

APPEAL from the Circuit Court of Christian county;
the Hon. ROBERT B. SHIRLEY, Judge, presiding.

A. MCCASKILL, and MCGUIRE & SALZENSTEIN, for
appellant:

After the adjournment of a term at which a judgment
is rendered its absolute verity cannot be overcome.   *Hum-*
*phreyville* v. *Culver,* 73 Ill. 485.

When the term is ended, the judgment entered and the
case passes off the docket, an amendment of a substantial
character cannot be made.     *Cook* v. *Wood,* 24 Ill. 295; *Rail-*
*road Co.* v. *Holbrook,* 72 id. 419; *Church* v. *English,* 81 id. 442;
*Goucher* v. *Patterson,* 94 id. 527; *Forquer* v. *Forquer,* 19 id.
67; *Lilly* v. *Shaw,* 59 id. 72; *Land Co.* v. *McCormick,* 61 id. 332;
*Horner* v. *Horner,* 37 Ill. App. 199; *Becker* v. *Sauter,* 89 Ill.
596; *Frew* v. *Danforth,* 126 id. 242.

It is improper for the court, in its decree, to find the
facts in relation to a matter not in issue by the pleadings.
*Anderson* v. *Henderson,* 123 Ill. 164; *Jackson* v. *Miner,* 101 id.
550; *Burger* v. *Potter,* 32 id. 65.

A. M. CRAFTON, and J. C. MCBRIDE, for appellees:

That the chancellor had the right to amend the decree
there can be no question.    Starr & Curtis, secs. 2, 7, 9,
chap. 7.

The court had memorial papers to amend by, to-wit,
the statement of counsel of complainants as to what
the amended bill would contain when completed, incor-
porated in the record made by the official stenographer.
This was sufficient.    *Church* v. *English,* 81 Ill. 442; *Gebbie*
v. *Mooney,* 121 id. 255; *Dunham* v. *South Park Comrs.* 87 id.
185; *Baldwin* v. *McClelland,* 152 id. 50.

The hearing proceeded and the case was heard and argued as though the issues were made up, and appellant can not now say she ought to have been required to answer further. *Miller* v. *Whittaker*, 33 Ill. 387; *Long* v. *Fox*, 100 id. 43.

Courts of equity will correct mistakes and reform instruments when they do not conform with the real contract or agreement made between the parties, even though the evidence may be conflicting. *Hunter* v. *Bilyeu*, 30 Ill. 228; *Warwick* v. *Smith*, 36 Ill. App. 620; *Mills* v. *Lockwood*, 42 Ill. 111; *Sands* v. *Sands*, 112 id. 225; *Deisher* v. *Price*, 148 id. 383; 15 Am. & Eng. Ency. of Law, 645; 2 Pomeroy's Eq. Jur. (2d ed.) secs. 852, 856; *Insurance Co.* v. *Gueck*, 130 Ill. 350; *Dinwiddie* v. *Self*, 145 id. 292.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a proceeding in chancery in Christian county, by appellees, against appellant, to reform a deed made by Emma F. Gill and others to Harriet Adams. The court below found for the complainants, and the cause is brought to this court on appeal.

Several points are assigned for error: One, that the court erred in not ruling on defendant's motion to dismiss for want of evidence to sustain the bill; and another, that the court erred in making an order at a subsequent term amending the decree after the cause had gone off the docket.

The record shows that the bill was filed July 12, 1893, and the answer December 29 following. Then an amended bill was filed, which, being demurred to, was withdrawn. The hearing was had on the bill, answer, replication and proofs, on March 30, 1894. During the hearing, the evidence of complainants being all in, the defendant moved to dismiss the bill, on the ground that there was no evidence to sustain the allegations therein, but no ruling was made on the motion. Complainants then proposed to amend the bill, stating the substance of it as it would

be when completed, and showing that material changes were to be made in the allegations. The hearing then proceeded to its close. The minutes of the judge show: "March 30.—Leave to compl'ts to amend bill; demurrer to amended bill; leave to compl'ts to withdraw amended bill; cause called for trial, and heard on bill, answer and replication, and taken under advisement."

The proposed second amendment to the bill was not filed until after the hearing. When complainants proposed to file it and stated its substance, during the hearing, the court could not properly proceed to hear the cause made by it (even if it treated the amendment as of record) without first ruling the defendant to answer it. It presented an entirely different issue from that tendered by the original bill, charging that by the design or mistake of Josiah H. Adams and Harriet Adams the deed was improperly drawn, whereas the charge in the original bill was that the mistake in the deed was occasioned wholly by the attorney who drew it, and was an act of mere oversight on his part. The original bill charged mistake—the amendment, fraud ; and if the amendment was regarded as made, the issues should have been regularly presented by requiring the defendant to answer. *Gage* v. *Brown*, 125 Ill. 522.

Appellees contend that because the hearing proceeded appellant cannot now be heard to say she ought to have been required to answer the amended bill, and cite the cases of *Miller* v. *Whittaker*, 33 Ill. 386, and *Long* v. *Fox*, 100 id. 43. The former was a cause where the party appealing to this court consented that it be set down for hearing notwithstanding the pleadings were unfinished, (an answer to a supplemental bill not having been filed,) and the change made in the supplemental bill was only of minor importance. In the latter case the matter contained in the supplemental bill did not materially change the scope and purpose of the original bill, and the issues were treated by both parties as having been properly

made up, and, of course, on appeal to this court they could not be heard to complain. Neither of these cases can be said to be in point here, as in the case in hand appellant objected to proceeding further, and moved the court to dismiss the bill, and also because here there was a new and distinct issue presented by the amendment.

The decree was rendered at the August term, 1894, on September 8. The judge then entered on his minutes: "Sept. 11.—The court finds the issues for the plaintiffs, and finds they are entitled to the relief prayed in the bill." About two months after the decree was rendered, and at still another subsequent term of court, on motion of complainants' counsel the cause was again placed on the docket, and an order made amending the decree, by reciting that the cause was heard on the second amended bill. From the record it appears that it was heard "*on the bill*" and that the decree was rendered "*on bill.*" It also shows that none other than the original bill was on file during the hearing. It further appears that when the court amended the decree it refused to make an order showing that an amended bill was filed with leave, and it therefore never was, strictly speaking, a part of the record. Was it proper for the court, at a subsequent term, to amend the decree by making it appear that it was rendered on a second amended bill?

The general rule is, that courts, while a cause is pending and parties before them, have control over the records and proceedings in a cause, and have jurisdiction over their judgments and final orders of a pending term, and may, while the cause is depending and the parties in court, amend or set them aside for cause. But after the term the power of amending is confined to clerical errors and matters of mere form, and these may, at any time, upon notice to parties in interest, and saving all intervening rights, be corrected so as to make the record *conform to the fact.* *Dunham* v. *South Park Comrs.* 87 Ill. 185, and cases cited. See, also, *Cook* v. *Wood,* 24 Ill. 295; *Cairo and St.*

*Louis Railroad Co.* v. *Holbrook,* 72 id. 419; *Church* v. *English,*
81 id. 442; *Goucher* v. *Patterson,* 94 id. 525; *Lilly* v. *Shaw,*
59 id. 72; *Lill* v. *Stookey,* 72 id. 495. The correction
sought to be made in this case cannot be said to have
been a clerical error, such as is contemplated in the rule
deduced from the decisions cited. It was an error of sub-
stance, and not subject to amendment after the term.
Complainants waited too long before attempting to have
the correction made, if, indeed, it could be made at all,
owing to the peculiar state of the record. The decree
below must therefore stand or fall on the original bill
alone.

As before stated, when complainants had introduced
all their evidence and rested their case, the defendant
moved the court to dismiss the bill for want of evidence
to sustain it. That was a proper motion, and should have
been heard and sustained by the court. Its refusal to do
so and permitting the hearing to proceed is assigned for
error. The bill set forth that a deed had been made, by
which it was intended to convey a life estate in certain
lands to Harriet Adams, but by mistake of the scrivener
who prepared the deed she was granted an estate in fee
simple; "that the failure of the scrivener to insert the
limitation was purely and wholly an act of oversight and
omission on his part." This was denied by defendant in
her answer, and an issue thus regularly formed. None
of the testimony introduced by complainants tended to
prove that a mistake had been made by the scrivener,
but, instead, that Harriet Adams and Josiah H. Adams,
two of the parties to the deed, by deception, induced com-
plainants to sign it. In other words, the complainants set
forth one case in their bill and attempted to prove another
on the hearing, placing their right to relief on entirely
new ground. In *McKay* v. *Bissett,* 5 Gilm. 495, it was said
(p. 505): "A complainant must recover on the case made
by his bill. He is not permitted to state one case in the
bill and make out a different one in proof. The allega-

tions and proof must correspond,—the latter must support and not be inconsistent with the former. Although a good case may appear in the evidence, yet if it be variant from the one stated in the bill the bill will be dismissed. The defendant has the right to answer and contest the case on which the complainant claims relief,"—citing *Harrison* v. *Nixon,* 9 Pet. 483; *Boon* v. *Chiles,* 10 id. 177; 1 Smith's Ch. Pr. 346; *Doyle* v. *Teas,* 4 Scam. 202. The rule is elementary, and has been strictly enforced by this court whenever invoked. (*Fish* v. *Cleland,* 33 Ill. 238; *Bush* v. *Connelly,* id. 447; *Heath* v. *Hull,* 60 id. 344; *Lloyd* v. *Karnes,* 45 id. 62; *Carmichael* v. *Reed,* id. 108; *Marvin* v. *Collins,* 98 id. 510; *Brockhausen* v. *Bochland,* 137 id. 547.) If the evidence makes a case variant from the one made in the bill, no decree should pass other than to dismiss the bill. (*Ohling* v. *Luitjens,* 32 Ill. 23.) It is well said in *Kellogg* v. *Moore,* 97 Ill. 282 (on p. 287): "The chief object of written pleadings is to distinctly inform the adverse party of the facts relied on for a recovery or a defense, so that he may admit or deny them, or question their legal sufficiency by a demurrer, exceptions or otherwise, as he may be advised by his counsel, and also to inform the court of the real points of difference between the parties to the suit, so as to enable it to intelligently pass upon and determine their respective rights. But if parties are not held bound by their pleadings, it is clear the very object of them would not only be defeated, but they would be used by unscrupulous litigants for the express purpose of misleading their adversary, and neither the court nor the parties could ever know to a certainty the points of difference till all the evidence was in, and hence no one could intelligently prepare for trial."

The decree of the circuit court will be reversed and the cause will be remanded.

*Reversed and remanded.*