Eggleston v. Morrison.

---

| 84 | 625 |
| s185s577 | |
| 84 | 625 |
| 106 | ²216 |

## Charles B. Eggleston et al. v. Harriet B. Morrison et al.

1. CONSTRUCTION OF CONTRACTS—*Different Instruments as Evidence of One Transaction.*—Where two instruments are executed and delivered at the same time as a part of the same transaction, they are to be read and construed as constituting but a single instrument.

2. ASSUMPTION—*Of Mortgage Indebtedness by Grantee in Separate Instrument.*—It is not necessary that an assumption of a mortgage indebtedness be in the deed. It may be by a separate written contract, or by a parol contract, and a grantee in a deed who agrees, either in writing outside of the deed, or by parol, to assume and pay an incumbrance, to which the premises conveyed to him are subject, will be held upon the agreement, not only by his grantor, but by the owners of the notes, the payment of which he assumes, although his deed contains an express covenant that the premises are free from incumbrance.

3. SAME—*Clauses in Deeds Construed.*—A clause in a deed which recites that the premises are subject to a certain mortgage, which the grantee " assumes," means the same as if it were " assumes to pay," and amounts to a personal covenant by the grantee to pay the mortgage.

Foreclosure of a Mortgage.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 20, 1899.

N. M. JONES, attorney for appellants.

Stillman & Martyn, attorneys for appellees Harriet B. Morrison, Anna S. B. Chandler, William S. Noyes, Albert Noyes, Lillian E. Smythe, and Frank R. Chandler, trustee.

Scanlan & Masters, attorneys for appellee Patrick Lyons.

An assumption of a mortgage by a purchaser of the equity of redemption of mortgaged property makes such purchaser personally liable to the mortgagee. Dean v. Walker, 107 Ill. 540; Thompson v. Dearborn, 107 Ill. 87; Rogers v. Herron, 92 Ill. 583; Kirby v. Runals, 140 Ill. 289; Bay v. Williams, 112 Ill. 91.

An agreement by a purchaser to pay a mortgage debt may be contained in an assumption clause in the deed of conveyance. It may be by separate written contract, or by parol contract. Moore v. Brooker, 62 N. W. Rep. 607; Taintor v. Hemmingway, 18 Hun, 258; Wilson v. King, 23 N. J. Eq. 150; 1 Jones on Mtgs., Sec. 750 (5th Ed.); Wiltsie on Mtg. Fcl. 736.

A contract to assume an incumbrance on land purchased is not one of the essential parts of a deed of conveyance— indeed, such a contract is a stranger to a deed. Thompson v. Dearborn, 107 Ill. 87, 92.

In this State the liability created by such an assumption can not be released by the mortgagor. Bay v. Williams, 112 Ill. 91.

As between the mortgagor and the purchaser, such assumption makes the purchaser primarily liable; and the mortgagor becomes a surety, responsible to the mortgagee alone, who may treat both as principal debtors, and may have a personal decree against both. Flagg v. Geltmacher, 98 Ill. 293; Dean v. Walker, 107 Ill. 540; Wiltsie on Mtg. Fcl. 272; 1 Jones on Mtgs., Sec. 741 (5th Ed.).

Mr. Justice Shepard delivered the opinion of the court.

This is an appeal from a decree of sale entered in a mortgage foreclosure suit.

The appellants are grantees of the mortgaged prem-

ises subsequent to the making of the mortgage by their grantor.

The decree found that the appellants assumed and agreed to pay the mortgage indebtedness, and are personally liable therefor, and ordered "that in case of a sale of said premises as hereinafter directed, and after the coming in and confirmation of the master's report of sale, in case any deficiency is shown in the amount due the complainants as aforesaid, they should be respectively entitled to execution therefor against the said defendants," naming the appellants, and one Dawson, the maker of the mortgage, who it was found was also personally liable for the indebtedness.

The provisions of the decree referred to and quoted, as above, furnish the chief contention against the decree.

None of the appellants were parties to the mortgage or the notes. Their liability to appellees arose, if at all, under a contract between themselves and Dawson, the mortgagor, who was also their grantor of the mortgaged premises.

The warranty deed by Dawson, the mortgagor, to appellants, conveying the mortgaged premises, contained no assumption clause, nor made any reference to the mortgage in question.

The contract referred to bore even date with the deed, and was executed and delivered at the same time, as a part of the same transaction, and the rule is that "where different instruments are executed as the evidence of one transaction or agreement, they are to be read and construed as constituting but a single instrument." Wilson v. Roots, 119 Ill. 379.

The contract recites the fact of the conveyance of the premises by the warranty deed from Dawson to appellants, and that such conveyance was made as security for the completion, by Dawson, of a building upon the premises, in accordance with a specified agreement and within a stated time, in the event of which being done and certain other undertakings being performed by Dawson, then and in such case the premises should be reconveyed to him, but if not

so done and performed, then the said conveyance should become absolute to the grantees in the deed (the appellants here), "and in that event the said first parties (appellants) hereby agree to assume the two incumbrances of $12,000 and $3,000, respectively, above named."

It is not disputed that the incumbrance for $3,000 so referred to is the incumbrance, or mortgage, involved in this foreclosure suit.

At a time subsequent to the making of the deed and contract, controversies arose between appellants and Dawson, and appellants filed of record a notice of forfeiture of the contract, and in an equity suit brought by them against Dawson, they procured a decree wherein the court found that Dawson had failed to do and perform as was agreed by him in and by said contract, and that notice of the forfeiture of the contract had been filed, and adjudged the said deed from Dawson to appellants to be absolute and final, and confirmed and established the title of appellants thereunder, subject to the incumbrances for $12,000 and $3,000, respecttively, mentioned in the contract.

The question of whether the appellees, holders of the incumbrance mentioned in the contract, are entitled to the benefit and advantage of the agreement so made by appellants with Dawson, to assume said incumbrance in case the deed from Dawson to them became an absolute conveyance, is the important and controlling question in the case.

Master in Chancery George W. Miller, to whom the cause was referred, and whose report was approved by the Superior Court, and decree entered accordingly, reported thoroughly upon this aspect of the case, and we adopt his report upon that subject as the opinion of this court.

Master Miller said :

" It is conceded by counsel for the defendants that if the warranty deed from Dawson to Eggleston, Mallette & Brownell contained an assumption clause, the defendants would be personally liable for the payment of the mortgages, not only to Dawson, the maker of the notes, but to the legal holders and owners thereof, and that the legal holders and owners of the notes could recover against the

Eggleston v. Morrison.

defendants on that agreement, either at law or in equity. But it is claimed by counsel for the defendants that because the agreement to assume this indebtedness was made by a separate contract, to which the complainants are not parties and not inserted in the deed, no one but Dawson can take advantage of that agreement, and therefore the complainants, as the holders of the notes, are not entitled to recover against these defendants. I have been unable to find any authority, and none has been cited by counsel, which supports this contention.

The case of Moore v. Booker, 62 N. W. Rep. 607, decided by the Supreme Court of North Dakota, was a bill to foreclose a mortgage. It was claimed that Booker and one Ryan, to whom the premises had been conveyed, assumed and agreed to pay the incumbrance, and a deficiency decree was asked against them. The deed contained no assumption clause. The only reference therein to the mortgage being in the covenant of warranty, wherein the grantor covenanted that the land was free of all incumbrances except this mortgage.

The defendants claimed they did not assume because there was no assumption clause in the deed.

The court said (p. 609): 'It was entirely proper that the existing mortgage should be excepted from the covenant of warranty. But the fact did not show that the grantee did or did not assume the payment of such mortgage. The contract by which the grantee assumes the payment of existing incumbrances, is separate and distinct from the conveyance. It may be and often is embodied in the deed, but it may be by separate writing, or it may rest entirely by parol. In either case, as is claimed in this instance, the amount of the incumbrance is deducted from the purchase price, and the balance only paid to the grantor. The contract to assume the incumbrance is an original promise on the part of the grantee to pay his own debt in a particular manner, and the holder of the incumbrance can take advantage of this promise in a court of equity and obtain a personal judgment for deficiency against the grantee.'

In Taintor v. Hemmingway, 18 Hun (N. Y.), 458, the plaintiff owned land subject to a mortgage and sold it to the defendants. The defendants did not by the terms of the deed assume and agree to pay. The amount of the mortgage was deducted from the value of the land, the equity alone being sold. The defendants agreed by parol

to pay the mortgage. The mortgage was foreclosed and the plaintiff compelled to pay the deficiency. He thereupon sued the defendants on their parol agreement and recovered.

It was not claimed that the language of the deed created any personal liability on the part of the defendants to pay the mortgage. The defendants insisted that it was error to allow proof of the parol contract, because (1) any contemporaneous parol contract was merged in the deed; (2) such proofs contradicted and varied the terms of the deed; (3) parol proof can not be allowed to contradict the consideration expressed in the deed.

The court said (p. 460): 'These positions can not be maintained. The contract to assume and pay the mortgage was wholly independent of the contract embraced in the deed. The deed was good, so far as it went, by way of partial performance. The verbal agreement was in addition thereto and in no respect contradictory. It did not vary the terms of the contract as contained in the deed and was not merged therein.'

The case of Wilson v. King, 23 N. J. Eq. 150, was a bill to foreclose a mortgage by the holder of the notes in which it was sought to hold one who had purchased the premises after the mortgage was made on an agreement to assume and pay the debt. The deed contained the usual covenants even against incumbrances. The agreement to assume and pay was by parol.

The court said (152): 'The undertaking of King to pay the mortgage would be enforced in equity if proved. The covenant in the deed that the premises were free from incumbrances, or any other covenant, would not estop the complainant from recovering upon such undertaking. It was so held by the Court of Errors in Bolles v. Beach, 2 Bab. 680. That was a suit by grantor against grantee on a verbal promise at the conveyance to assume and pay a mortgage of $1,000 on the premises conveyed. The deed was with full covenants, including that against incumbrances, and it was declared that neither the covenants nor the recital that the consideration was paid in full, or the release for it, estopped the grantor from proving and recovering on the verbal agreement. The court held that the estoppel only applied when the proof was offered for effecting the validity of the deed. And it is settled that in equity the mortgagee may recover against the grantee on such undertaking to the grantor as an equitable undertaking to him.' * * *

Eggleston v. Morrison.

These three cases are in line with the current of authority upon this question. It is not necessary that the assumption clause be in the deed. It may be by a separate written contract, or by a parol contract, and the grantee in the deed who agrees, either in writing outside of the deed, or by parol, to assume and pay an incumbrance to which the premises conveyed to him are subject, will be held upon the agreement not only by his grantor, but by the owners of the notes, the payment of which he assumed, and this although the deed to him may contain an express covenant that the premises are free from incumbrances.

It is next insisted by counsel for the defendants that it was not provided in said contract that the defendants should "assume and pay" the incumbrances, but simply that they should "assume" the incumbrances, and that the two expressions are not the same, and do not have the same effect. But see Jones on Mortgages, Vol. 1, Sec. 748:

' A clause in a deed which recites that the premises are subject to a certain mortgage, which the grantee "assumes," means the same as if it were "assumes to pay," and amounts to a personal covenant by the grantee to pay the mortgage.'

It is next argued by counsel for the defendants that while it is true the defendants agreed in the contract to assume the incumbrances, in case the deed to them became absolute because of Dawson's default, they should not be held to this agreement now, because after Dawson's failure to comply with the terms of the contract, he did not voluntarily surrender the premises, but compelled them to resort to the courts to get the property. It is a sufficient reply to this to say that the defendants' agreement to assume the incumbrance did not depend, under the contract, upon the peaceable surrender of the property by Dawson. If Dawson believed that he had complied with the contract, or that his failure to comply therewith was the fault of the defendants, it was his right to contest the forfeiture of his contract in court, and the terms and provisions of the written contract between the parties are not to be changed by the fact that a court proceeding was necessary to settle the controversy between them.

Counsel has also argued that when the contract was forfeited by the decree of court it merged in the decree and was at an end, and can not be enforced by the complainants, although it is not seriously contended that it can not still be enforced by Dawson. But this contention is

not tenable. The decree of court did not forfeit the·contract, nor make the conveyance from Dawson to the defendants absolute. The forfeiture of the contract and the change of the deed from a conditional to an absolute conveyance was the result of Dawson's failure to fulfill the contract. The decree did not create the fact. It simply set at rest the controversy between Dawson and Eggleston, Mallette & Brownell, and declared a fact which already existed, viz.: that Dawson had failed to carry out the contract, and because of such default the conveyance to the defendants had become absolute. But the very contract which made Dawson's deed to the defendants absolute, because of Dawson's failure to comply therewith, also provided that when the deed did become absolute the defendants should become personally liable for the payment of the two incumbrances. If the contract is to be enforced at all, it must be enforced in all its parts. If it is sufficient to deprive Dawson of his interest in this property, it is sufficient to bind the defendants to pay the incumbrances.

My attention has also been called to the fact that the decretal part of the decree confirmed the title in the defendants, subject to these·two incumbrances, but that it does not decree that they are personally liable to pay them. It does not appear that their liability in this regard was a question at issue in that suit, and it may also be said that if it was, the decree does not provide that they are not liable. In fact the decree previously recognizes their liability for these incumbrances in its finding of facts. But in any event the complainants in this case can not be bound by that decree, for they were not parties to the suit.

I have given this question my most careful consideration, but I am unable to reach any other conclusion than that the defendants, Charles B. Eggleston, James P. Mallette and Ralph E. Brownell, under the contract in evidence, assumed and agreed to pay the incumbrances heretofore mentioned, one of which trust deeds is sought to be foreclosed in this suit, and that they are therefore personally liable to the complainants for the amounts which I have hereinabove found to be due them."

The cases of Bay v. Williams, 112 Ill. 91, and Dean v. Walker, 107 Ill. 540, are also applicable.

The point is made that the decree against appellants is premature.

The personal effect of the decree is, by its terms, con-

ditional only, and gives nothing against appellants personally, except in case of a deficiency remaining after sale, and in that respect is warranted by the statute.   Sec. 16, Chap. 95, entitled " Mortgages."

The insistence that it was error to provisionally order execution for the deficiency, if any, to run against appellants and Dawson jointly, because one is liable primarily and the other secondarily, is without force.   Both parties are liable primarily, but under the statute it is not material whether so or not, for the statute authorizes the decree against such defendants as are personally liable, irrespective of degree.

The point that the decree provides for a joint solicitor's fee is something that does no harm to appellants.

The decree seems to be in all respects a proper one, and it is affirmed.