# Willis H. Gilbert v. The American Trust & Savings Bank.

## Gen. No. 11,648.

1. Amendment—*when order allowing, erroneous.* It is error for the court to set aside a judgment entered by default and permit new and substantive causes of action to be set up in the declaration by amendment and to enter judgment thereon without a rule to plead and without notice to the defendant.

2. Amendments—*defendant bound to notice.* Amendments made by the plaintiff to his declaration which tend to support the cause of action therein set up are bound to be noticed by the defendant after service had upon him, regardless of actual notice to him.

Action of assumpsit. Error to the Superior Court of Cook County; the Hon. Jesse Holdom, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed and remanded. Opinion filed April 18, 1905.

**Statement by the Court.** The defendant in error took judgment by default in the Superior Court of Cook County, on November 5, 1903, against the plaintiff in error, as indorsee on a note for $2,500, for the sum of $2,676.62. This amount was claimed in an affidavit attached to and filed with the declaration to be due upon said note for principal, interest and protest and attorneys' fees. A copy of the note was attached to the *narr.* as a copy of the instrument sued on.

On November 14, 1903, on motion of the plaintiff, the judgment and default were set aside, and leave was given to plaintiff to increase the *ad damnum* and to file an amended declaration *instanter.* On the same day plaintiff filed an amended declaration, consisting of three special counts and the common counts. In addition to the cause of action stated upon the note in the original declaration, the amended declaration alleged causes of action against the defendant upon two other notes, one for $3,500 and the other for $5,000, and laid the *ad damnum* at $15,000. Attached thereto and filed therewith were copies of the three notes described in the special counts. Plaintiff also at-

tached to and filed with its amended declaration an affidavit of its attorney of record, stating that its demand "is for principal, interest and protest fees due upon three notes, all indorsed by the defendant, copies of which said notes are attached to this declaration," and stating the amount due to be $11,300.

On December 12, 1903, the sixth day of the December term of the court, a default and judgment was entered in the cause for $11,300.

No notice of any kind of any of the above proceedings was given to the defendant, nor was any rule to plead to the amended declaration entered.

The cause is brought to this court by writ of error to reverse the judgment.

HERRICK, ALLEN, BOYESEN & MARTIN, for plaintiff in error.

ELMER H. ADAMS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Plaintiff in error contends that (1) the amendments allowed to the declaration, which introduced new causes of action for claims entirely different from that for which the action was originally brought, were not authorized or permitted by the statutes, or practice of this State, and (2) that even if the practice in this State permits amendments to a declaration which introduce new causes of action for claims entirely different from that for which the action was originally brought, it was error for the court to allow the amendments and enter judgment against plaintiff in error for default upon the declaration as amended, without first requiring either a new summons or some notice to the defendant of the amendments, or the entry of a rule to plead.

Defendant in error on the other hand, contends that (1) upon increasing the *ad damnum* to $15,000 a recovery for the amount of the judgment might have been had under the original *narr.;* and (2) that a new notice to defendant or a rule to plead to the amended *narr.* was unnecessary.

That the amendment set up new and distinct substantive causes of action is not, and cannot be, controverted.

In order to sustain what was done in this case, it must be held that a plaintiff who has obtained a default and judgment upon the claim for which he originally brought his suit may, after setting aside such judgment, file a new declaration, which shall not only include the original claim, but as many other different claims as he may have against the defendant, and without serving any notice thereof in any form, or obtaining any rule upon the defendant to plead to the new declaration, have a new default and judgment for the sum total of all the claims thus joined. This we are not prepared to hold. To permit such a practice would be to pervert our statute of amendments, which was designed to promote justice, into a legal trap for defendants.

Counsel for plaintiff in error devote a considerable portion of their argument to support the contention that our statute does not permit the allowance of amendments to declarations introducing entirely new causes of action. It is argued that any amendment sought for by the plaintiff must be one " which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought," and in support of this position they cite Independent Order of Mutual Aid v. Paine, 122 Ill. 625, and Milwaukee Ins. Co. v. Schallman, 188 Ill. 213, and many Massachusetts cases, construing a statute of that State from which our statute seems to have been taken. Our Supreme Court, in the above cases, seems to hold, in harmony with the Massachusetts cases, that amendments setting up new and different causes of action from those alleged in the original declaration, should not be permitted. Upon that question, however, we express no opinion, not deeming it necessary to a decision of the question before us; for whether the amendment allowed was proper or not under our practice and the statute, we think it was error to set aside the judgment, and permit new substantive causes of action to be set up in the declaration by amendment, and enter judgment thereon without a rule to plead, and without notice to plaintiff in error.

Under our practice in regard to amendments, a defendant cannot be required to take notice of the introduction into the case of new and independent causes of action. When a defendant has been sued and a definite cause of action has been set up against him, he is required to take notice of all such amendments as are intended to sustain that cause of action or claim.   The statute authorizes the court to allow on such terms as are just and reasonable amendments either of form or substance, " which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought."   The defendant is required to take notice of all such amendments by the service of summons.   In Niehoff v. People, 171 Ill. 243, the court say : " By the service of summons the plaintiff in error had notice of the pendency of the cause of action against him, and it was his duty to take notice of the law, which he is presumed to know, and under this presumption he is compelled to take notice of the fact that by leave of court the plaintiff might make any amendment necessary to sustain the cause of action for which his suit was intended to be brought."

Where, however, a new substantive cause of action is set up by amendment, it has frequently been held that it is in the nature of a new suit, and for some purposes is treated as such, the commencement of which dates from the filing of the amendment, and does not relate back to the bringing of the original suit.   Of such new cause of action the defendant is not required to take notice until a rule to plead has been laid upon him.

In Gage v. Brown, 125 Ill. 522, after the case had been submitted for hearing, a material amendment was made to the bill by which a new issue was presented and different relief asked; it was held error for the court to proceed to hear the case made by the amendment, without first laying a rule on the defendant to answer.   To the same effect is Adams v. Gill, 158 Ill. 190.

As to the amended declaration, plaintiff in error was not in default when the judgment was taken.   The plaintiff,

when he filed his amended declaration was in no better position than he would have occupied if he had filed his original declaration after the commencement of the second term. In that state of the record it has been held error to render judgment by default without a rule, and service of it, requiring him to plead. Pratt v. Grimes, 35 Ill. 164.

If we resort to other jurisdictions in which the question of amendments setting up new causes of action after default has arisen, we find the decisions uniformly hold that notice, or a rule to plead, must be served upon the defendant before judgment for default upon the amended declaration can be rendered. The case of Columbia County v. Branch, 31 Fla. 62, decides this exact point. In that case the original declaration contained a special count and one common count, and a bill of particulars was annexed setting out eight coupons or bonds issued by the defendant county. A default judgment was entered upon the original declaration. Afterwards, by amendment, other coupons were added to the bill of particulars and judgment was taken for the whole amount, including the additional coupons. The court held this judgment erroneous because entered for an amount greater than that covered by the original bill of particulars, and the bill of particulars was held to limit the proof under the common count as well as the special count. This effectually answers the contention of defendant in error that by increasing the *ad damnum* merely, he could have recovered judgment upon the claims set out in the amended declaration, and therefore the amendment did not introduce into the case causes of action upon claims, different from that for which the suit was originally brought.

As said in People v. Woods, 2 Sandf. (N. Y.) 652: "The practice contended for on behalf of the plaintiff would be very unjust. It by no means follows that because Woods did not defend the original complaint he was not desirous to answer to the complaint as amended. He should have been served with notice of the amendment so as to give him an opportunity to answer, if he were so advised."

If additional authorities were needed to sustain a rule of

practice so necessary properly to protect defendants, reference can be had to Palmer v. Salisbury, 38 N. Y. App. Div. 139; Merrill v. Thompson, 80 N. Y. App. Div. 503; Boudinot v. Lewis, 3 N. J. L. 104: Thompson v. Johnson, 60 Cal. 292; Reinhart v. Lugo, 86 Cal. 395; Witter v. Bachman, 117 Cal. 318; Wright v. Howell, 24 Ia. 150; Morrison v. Walker, 22 Tex. 19; McMillan v. Jones, 66 Tex. 100; Wood v. Nicolson, 43 Kans. 461; McGrath v. Balser, 6 B. Monroe, 141; Rutledge v. Vanmeter, 8 Bush. 354.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*