**John Hartman, Appellee, v. H. A. Six et al., Appellants.**

1. ASSUMPSIT—*propriety of action by person for whose benefit promise is made.* Where one makes a promise to another for the benefit of a third person, such third person has an action on the promise, though the consideration does not move directly from him.

2. MORTGAGES—*how assumption may be made.* The assumption of a mortgage indebtedness need not be made by a subsequent grantee in the deed itself but may be made in a separate instrument.

Foreclosure. Appeal from the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1909. Modified and affirmed. Opinion filed February 11, 1910. Rehearing denied March 23, 1910.

MILLS BROTHERS, for appellants.

W. W. SHELLEY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

By this appeal, two of the defendants in the court below seek to reverse a decree foreclosing a chattel mortgage.

The facts in the case are substantially as follows: On July 27, 1907, Edward A. Haynes entered into a written agreement with H. A. Six, selling him what is described therein, as ''300 acres of timber growing on 400 acres of land'' in Wayne county, Illinois. One of the provisions of the contract was that Six should clear at least 40 acres of land each year and upon his failure to do so Haynes could declare the contract void. On August 1, 1907, Six borrowed $1,500 from appellee, John Hartman, for which amount he gave his note of that date payable six months after date, with interest at the rate of seven per cent per annum from date and containing also the following provision: ''If this note is not paid when due, I agree to pay all reasonable costs of collection, including a reasonable attorney's fee, and also waive service of process and consent that judgment may be entered for these amounts by court of record.'' To secure this note Six gave appellee a chattel mortgage upon the property above mentioned. About a month after the mortgage was given Six conveyed the timber property to Thomas A. Brown and James B. Osby, who agreed to pay the mortgage to appellee. Afterwards Brown and Osby entered into the following written contract with F. H. Pistorius and C. W. Pistorius:

''This contract entered into this 15th day of October, 1907, between J. B. Osby, party of the first part, and F. H. and C. W. Pistorius, parties of the second part. For and in consideration of $350 and 300 acres of timber located in Wayne county, Ill., owned by parties of the first part subject to mortgage of $1,500, we agree to pay. Parties of first part agree to convey all right, title and interest in above described timber for exchange for said consideration. Parties of the second part agree to convey to them 80 acres of land located in Perry county, Ill., subject to a mortgage of $1,600 to be assumed by parties of first part. Parties of second part reserve all timber on said 80 acres. Merchantable titles to be furnished by both parties. Said

timber of 80 acres to be removed within two years from date.''

The said F. H. and C. W. Pistorius did nothing in the way of cutting and removing the timber in question. Appellee having been notified of the making of the contract went to the office of the attorney with whom it was deposited, examined it and investigated the question of the solvency of appellants. He testified that he received an answer from a bank in Decatur, stating that appellants were financially good and thereupon consented to said sale and transfer of the property to appellants. On December 14, 1907, an agreement was made between Brown and Osby and appellants, concerning the satisfaction of annulment of the contract of April 15, 1907, in furtherance of which Brown and Osby signed the following statement which was written across the face of the copy of the original agreement:

''For and in consideration of $50 in hand paid by said first parties and the delivery of a quit claim deed to the 80 acres from said second parties, the original contract dated October 15, 1907, of which this is a copy is hereby satisfied and discharged and held for naught and I hereby agree to procure the original contract and mark same satisfied in full and return it to A. H. Mills, Decatur, Illinois, within ten days of this date.''

Across the face of the original contract appear the words ''null and void Dec. 23, '07.'' At the end of the year no timber having been removed, Haynes, the owner of the land, notified Six, Brown and Osby of his intention to declare a forfeiture of the contract, under which the timber was sold by him to Six. Afterwards, on May 8, 1908, appellee filed a bill to foreclose the chattel mortgage above named, making Six, Brown, Osby, F. H. Pistorius, C. W. Pistorius, Haynes and several others defendants. The bill asked for a decree for whatever sum might appear to be due appellee, together with costs and a reasonable solicitor's fee and that in default of the payment of the same, by a short day to be fixed by the court, the mortgaged property

be sold to satisfy debt and costs. Six, Brown and Osby did not appear and were defaulted. Appellants answered, alleging there was no other consideration for their said agreement with Brown and Osby than the covenants and agreements therein contained; that the consideration therefor had wholly failed; that the same was by mutual consent canceled and discharged and that they did not in writing or any other way, assume the payment of the mortgage debt.

A decree was entered foreclosing the mortgage, directing the property to be sold to satisfy the debt and costs, including a solicitor fee of $100, finding that Six, Brown, Osby, F. H. Pistorius and C. W. Pistorius had assumed the debt, and providing that in case the property did not bring a sufficient amount to pay the debt and costs, the master should certify the amount of such deficiency in his report and that on confirmation of the same, they pay the amount of such deficiency and interest and that appellee have execution therefor.

F. H. and C. W. Pistorius were the only ones of the defendants below who appealed from the decree. They contend that the court erred in finding them personally liable for the debt to appellee and in decreeing that execution issue against them for any deficiency that might exist and also erred in allowing a solicitor's fee of $100 to be included in the costs.

While the contract between appellants and Brown and Osby of October 15, 1907, is not carefully drawn and is in some respects uncertain, yet the language used plainly shows that by it appellants assumed and undertook to pay the chattel mortgage of $1,500 to appellee. It is a well settled rule of law that where one makes a promise to another for the benefit of a third person, such third person has an action on the promise, though the consideration does not move directly from him. 1st Parsons on Contracts (5th Ed.) 458; Dean v. Walker, 107 Ill. 540; Bay v. Williams, 112 id. 91.

But it is insisted by appellants that even if they

could properly be said to have assumed the mortgage indebtedness to appellee, by the contract of October 15, 1907, yet they were absolved from that obligation by the subsequent satisfaction and annulment of that contract by the parties thereto. Such is not the law in this state, whatever the rule may be in other jurisdictions.

In Bay v. Williams, *supra,* where it was held that the purchaser of mortgaged premises from the mortgagor who assumes payment of the mortgage debt, becomes personally liable to the mortgagee for the indebtedness, it is also further said: "The principle upon which this court has acted is that such a promise invests the person for whose use it is made with an immediate interest and right, as though the promise had been made to him. This being true, the person who procures the promise has no legal right to release or discharge the person who made the promise from his liability to the beneficiary. Having the right, it is under the sole control of the person for whose benefit it is made, as much so as if made directly to him."

The assumption of the mortgage indebtedness need not be made by a subsequent grantee in the deed itself, but may be made in a separate instrument. Eggleston v. Morrison, 84 Ill. App. 625.

Not only did appellants in the case before us, by the agreement of October 15, 1907, assume the payment of the mortgage indebtedness to appellee but the proof shows that this was brought to the notice of appellant, who examined the contract and assented to its provisions. After that it did not lie in the power of appellants and Brown and Osby to rescind the contract, by which they assumed the payment of the mortgage indebtedness, and especially is this true in view of the fact that the parties appear to have ratified a portion of the contract and to have only attempted to rescind that portion providing for the conveyance of the timber land to appellants and the assumption of the mortgage indebtedness by them. The court below, there-

fore, properly held that appellants were personally liable for the indebtedness to appellee which they had assumed and the decree against them for any deficiency which might exist after the sale of the mortgaged property, was in conformity with the law.

There was error, however, in that portion of the decree which allowed the recovery of a solicitor's fee of $100 to be taxed as part of the costs. While the note provided for the payment by Six of all reasonable costs of collection (including a reasonable attorney's fee), yet the mortgage itself contained no description of the note and there was no provision therein for the payment of any attorney's or solicitor's fee. The mortgage therefore contained no notice to those who assumed it that they were expected to pay or were about to assume the payment of any solicitor's fee, which would be sufficient to defeat the collection of this fee from appellants, even if it could otherwise be a proper charge here.

The decree of the court below will be modified here by striking out the allowance of $100 as solicitor's fees, and as so modified will be affirmed.

*Modified and affirmed.*