West Frankfort Bldg. & Loan Assn. v. Muir, 237 Ill. App. 122.

the salesmen to his place and solicited him to buy some of this stock. On the other hand, appellant testified that he was being paid for driving the salesmen around in his automobile and denied that he ever solicited appellee or the other witness to buy any of the stock. We do not believe that this evidence was sufficient to show, as alleged in the declaration and required by the Act, that appellant was the solicitor, agent or broker of the seller of the stock.

Therefore for the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

## West Frankfort Building & Loan Association, Appellee, v. A. H. Muir, Appellant.

1. EQUITY—*necessity of notice to defendant of amendment.* Court did not err in allowing complainant to file an amended bill nine months after leave to amend had been granted to it, containing new matter, and then entering a default judgment against defendant without giving him notice of the rule to plead.

2. CONTINUANCE—*notice of continuance and proceedings.* Defendant was bound to take notice, after being summoned to appear at a particular term, that the cause might be continued from term to term, and he was entitled to no special notice of a continuance, or of any order made at a subsequent term to which the case was continued.

3. APPEAL AND ERROR—*review of dismissal of bill for review.* On appeal from a decree dismissing a bill for review, it is not the court's province to pass upon or consider whether the evidence is sufficient to support the decree, but whether the court correctly applied the law to the facts as found by it.

4. MORTGAGES—*liability of grantee assuming mortgage.* Where a grantee in a deed in fact assumes a mortgage and as a part of the consideration of the purchase price agrees to pay the same, he is liable therefor and a deficiency judgment against him is proper, even though there is no express provision in the deed to this effect.

Appeal by defendant from the Circuit Court of Franklin county; the Hon. C. H. MILLER, Judge, presiding. Heard in this court at the

West Frankfort Bldg. & Loan Assn. v. Muir, 237 Ill. App. 122.

October term, 1924.  Affirmed.  Opinion filed February 9, 1925.  *Certiorari* denied by Supreme Court (making opinion final).

J. E. Carr. for appellant.

F. E. Trobaugh, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This is an appeal from the decree of the circuit court of Franklin county dismissing a bill for review brought by appellant against appellee.  The bill sought to review, for alleged apparent errors and imperfections appearing upon the face thereof, a certain decree entered by the circuit court of Franklin county on the 14th day of August, 1923, in a foreclosure suit brought by appellee against appellant and others.  The bill alleges in substance that on the 2nd day of May, 1922, appellee filed its bill against appellant and M. Arthur Dunn, Florence O. Dunn, Mint Muir, Thomas McGinty and Nellie McGinty charging that on the 20th of July, 1921, the Dunns being indebted to appellee in the sum of $2,000, executed and delivered to it a mortgage on lots one and two in block two of Dunn, Howell & Loving's Addition to Frankfort Heights in that county; that on the 24th day of May, 1922, appellant filed a general demurrer to such bill of foreclosure; that on the 11th day of September, 1922, appellee confessed appellant's demurrer and asked leave to amend its bill which was granted it; that on the 28th day of May, 1923, appellee amended its original bill and obtained a rule to be entered against appellant to answer the amended bill by the 4th day of June, at which time default was entered against him; that on the 14th day of August, 1923, a final decree was entered.

The court sustained a demurrer to the bill for review and dismissed the same for want of equity.  A copy of the original bill and demurrer thereto,

amended bill, exhibits thereto and the final decree of the court in the foreclosure suit were attached to the bill in this case. From these it appears that the original bill in the foreclosure suit was an ordinary bill for foreclosure of mortgages given by building and loan associations, and described the property as lots one and two in block two of the addition referred to. The only allegation in the original bill directly referring to appellant in this case was that he had or claimed to have some interest in the premises involved, which interest, if any, had accrued subsequent to the lien of appellee. The amended bill contained the usual allegations as to the execution of the note and mortgage default, etc. It then alleged a mistake of the scrivener in describing the property intended to be covered, by which it was described as being located in block two of said addition when it should have been described as located in block one thereof; that the Dunns had pointed out to appellee the property intended to be covered by the mortgage and that they were then the owners in fee simple of the property intended to be covered by the mortgage and were not the owners and had no interest in the property by mistake described in the mortgage; and that neither the mortgagors nor the mortgagee noticed or knew of the mistake until several months afterwards; that on the 20th day of September A. D. 1921, the Dunns conveyed their interest in lots one and two in block one of said addition together with other real estate by warranty deed to appellant herein; that as part consideration of the transfer of said real estate to him appellant assumed and agreed to pay the mortgage indebtedness here involved; that the Dunns informed appellee they had sold the premises to appellant, and that he had assumed and agreed to pay said mortgage indebtedness; that appellant informed appellee he had bought the property subject to such mortgage indebtedness, and that he had assumed to pay the same and that he agreed with appellee that he

would pay it, but that afterwards when appellant discovered the mistake in the description in the mortgage he refused to pay the same; this mortgage was the only one on said property at the time of the transfer of the same to appellant. The amended bill prayed that the mortgage might be corrected so as to describe the correct property and the usual prayer for relief in foreclosure against the defendant in the suit, including appellant; to this amended bill, in addition to copies of the note and mortgage there was attached a copy of the deed from the Dunns to appellant which contained this recital, after the description of the property conveyed: "Subject to all building and loan mortgages now in force on both above mentioned properties."

From the allegation in the bill in this case it appears that while leave was given to file the amended bill in the foreclosure suit in September, 1922, it was not in fact filed until May 28, 1923, at which time a rule was entered against appellant herein to plead to the amended bill by June 4, 1923; that appellant not having answered the amended bill within the time fixed by that rule, he was defaulted on the 8th day of June and the final decree, which the bill in this cause is brought to review, was entered on the 14th day of August 1923. That decree expressly finds that "legal proof was taken by the court." It finds execution of the note and mortgage in question and default in the terms thereof. The court, in the decree, expressly finds that it was the intention of the mortgagors to mortgage to appellee lots one and two in block one of the addition mentioned, but that by mistake on the part of the scrivener the property was described as lots one and two in block two of said addition; that before the execution of the mortgage the mortgagors pointed out to appellee lots one and two in block one, and that it was the understanding that the mortgage was to cover this property, and that the mistake was not discovered until later. The

126    APPELLATE COURTS OF ILLINOIS.

West Frankfort Bldg. & Loan Assn. v. Muir, 237 Ill. App. 122.

court further found that the mortgagors conveyed lots one and two in block one to appellant by their warranty deed dated September 20, 1891, and that appellant "as part consideration of the transfer of said real estate to the said defendant A. H. Muir, the said A. H. Muir did assume and agree to pay the mortgage hereinabove described securing the indebtedness herein described of said M. Arthur Dunn and Florence O. Dunn to the complainant which was secured by the mortgage in this decree described." The decree further finds that appellant knew of the existence of the mortgage; that he was not an innocent purchaser; that he agreed with the mortgagors to assume and pay the mortgage and did assume and agree to pay it to appellee as part of the consideration of the transfer of the property to him; and that he informed appellee he had bought the property subject to the said mortgage indebtedness and assured appellee that he had assumed said indebtedness and agreed with appellee to pay the same and that appellant was personally liable to appellee for the amount due on the mortgage, which was found to be $2,731.10. It was decreed that the mortgagors and the appellant should pay said amount to appellee within thirty days and in the event of default in such payment that the property be sold and there were the usual findings in a decree for foreclosure. The decree also contained a deficiency judgment against the mortgagors and appellant in the event the proceeds from the sale of the property were insufficient to pay the amount due and the costs.

Appellant expressly states that this suit is based upon alleged errors in law apparent on the face of the decree, and that no part of the bill of review is based upon newly discovered evidence. The first point raised by appellant is that it was error in law apparent upon the face of the record to allow appellee, complainant in the original bill of foreclosure, to file its amended bill nine months after leave to

amend had been granted to it, containing new matter, and then enter a default against appellant without giving him notice of the rule to plead. In this connection it should be noted that no default had been taken at the time leave to file the amended bill was granted nor at the time the amended bill was filed, and also that upon the filing of such a bill a rule to plead was entered against appellee. These facts appear from appellant's own bill and are also among the express findings of the court in its decree of foreclosure. Appellant was bound to take notice of the fact that while he was summoned to appear at a particular term of the court his cause might be continued from term to term; that under the law he must be in court at all times, and that he was entitled to no special notice of such continuance, if any, or of any order made at a subsequent term to which his case might be continued. (*Niehoff v. People,* 171 Ill. 243.) Appellant relies among other cases upon *Meyer v. Meyer,* 255 Ill. 436, as sustaining his contention that it was error apparent from the record to enter a default against him after the amended bill was filed. An examination of that case, however, shows that it only holds that an amendment of a bill introducing a new cause of action "after default" opens the default and admits the defendant to all rights which he would have had on the filing of the original bill. The case of *Gilbert v. American Trust & Savings Bank,* 118 Ill. App. 678, also cited by appellant, is simply to the effect that where an amendment sets out a new substantial cause of action the defendant is not required to take notice of this new cause of action "until a rule to plead has been laid upon him." *Gage v. Brown,* 125 Ill. 522; *Adams v. Gill,* 158 Ill. 190, and *Pratt v. Grimes,* 35 Ill. 164, also cited by appellant upon this same point, state only in effect that it is error for a trial court to proceed to hear a new issue made by an amendment to the original bill without first entering a rule against the defendant to an-

128     APPELLATE COURTS OF ILLINOIS.

West Frankfort Bldg. & Loan Assn. v. Muir, 237 Ill. App. 122.

swer. None of these cases go to the extent of holding that it is error for a court to enter a default against defendant under a bill amended in a material manner, if a rule is entered against him to answer the amended bill and no default has been previously entered, which was the condition in this case. Rule having been entered against appellant to answer the amended bill and he having failed to comply with that rule, it was not error appearing upon the face of this record for the trial court to enter a default against him.

The other two alleged errors apparent on the face of the record urged by the appellant are so kindred that we will consider them together. They are: (1) that it was error in law apparent from the record for the court to find that appellant was personally liable for the debt "if he was not a party to the mortgage and the facts appearing in the record outside of the mortgage itself do not authorize the entry of an order of this kind"; and (2) that it was error in law apparent on the face of the record to enter a deficiency judgment against appellant.

The recital in the deed to the effect that it was executed "subject to this mortgage" is not sufficient in itself to render appellant liable for this indebtedness nor to warrant a deficiency judgment against him. However, it is not our province in this case to pass upon or consider whether the evidence is sufficient to support the decree, but whether the court correctly applied the law to the facts as found by it.

We are precluded from an investigation of the evidence, but must accept the facts as found by the court in the decree. (*Vyverberg v. Vyverberg*, 310 Ill. 599, and cases there cited.) While it is true that the recital in the deed itself was not sufficient to render appellant liable for this indebtedness and to authorize a deficiency judgment against him, yet it is true that where a grantee in a deed in fact assumes the mort-

gage and as part of the consideration of the purchase price agrees to pay the same, he is liable therefor and a deficiency judgment against him is proper, even though there is no express provision in the deed to this effect. *Lobdell v. Ray,* 110 Ill. App. 230; *Drury v. Holden,* 121 Ill. 130; *Bay v. Williams,* 112 Ill. 91, and *Eggleston v. Morrison,* 84 Ill. App. 625. The decree expressly recites that proof was had and expressly finds that appellant as part of the consideration for the purchase of these premises assumed and agreed to pay this indebtedness. We cannot inquire as to whether the evidence supported these findings but the chancellor having so found the facts, it is only for us to consider whether or not he correctly applied the law to the facts as found by it.

Under the findings of the chancellor, appellant was liable for this mortgage indebtedness and it was not error to enter a deficiency judgment against him.

There being no error apparent upon the face of the record the decree is affirmed.

*Affirmed.*