MICHAEL W. RYAN

*v.*

THE PEOPLE, for use, etc.

*Filed at Ottawa November 9, 1896—Rehearing denied March 4, 1897.*

1. EVIDENCE—*order of probate court on guardian's final report is admissible in action on his bond.* An order of the probate court finding the amount due from a guardian to his ward on his final account is admissible in a suit against the sureties on his bond.

2. SAME—*copy of bond admitted in evidence proves recitals contained in it.* Where, in an action on a guardian's bond, a copy of the bond is admitted in evidence which recites the guardianship and the names of the sureties, such recitals are sufficient evidence of the appointment of the guardian.

3. RES JUDICATA—*final order of probate court binds sureties of guardian as to amount due.* An order of the probate court finding the amount due from a guardian to his ward is conclusive upon the guardian and the sureties on his bond in an action of debt on the bond, and can only be impeached for fraud or mistake.

4. PLEADING—*when cause is at issue.* Where issue has been taken on pleas of *nil debet* and *non est factum*, filed to a declaration in debt on a guardian's bond, and no other form of pleading will entitle the plaintiff to recover without proving the affirmative on these issues, the cause is at issue, and all other pleas are superfluous.

5. CONTINUANCE—*party unprepared to proceed by reason of amendment of pleadings must file affidavit.* The overruling of a motion for continuance on the ground of amendment of pleadings presents no question for a court of review, where the moving party merely offers to file the statutory affidavit that he was unprepared, etc., but does not do so.

*Ryan v. People,* 62 Ill. App. 355, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

The opinion of the Appellate Court by Presiding Justice GARY (62 Ill. App. 355) is as follows:

"It appears that this case was on a short cause calendar of the circuit court, and a trial attempted June 17, 1895, but the trial went off under an order setting it for trial on the short cause calendar for June 24, 1895. Then, on July 9, 1895, which was not one of the days set apart for the hearing of cases upon the short cause calendar, the cause was called for trial and the appellant moved to strike said cause from the trial call for that day, assigning among other reasons which relate only to the cause being called upon a short cause calendar, of which there is no evidence in the record: 'Third, that said cause having lost its place upon the short cause calendar, and never having been replaced upon the regular trial calendar, it could not properly be called for trial, no cause having been shown for the trial of said case out of its proper order; fourth, that the said cause having been called for trial at the June term, 1895, of said court, and then continued, it could not properly again be called for trial at the same term of court; fifth, that said cause was not at issue, no replication to the third plea of said defendant, Ryan, to the amended declaration herein having been filed.'

"*First*—Whether the cause had been replaced upon the calendar or not does not appear, and reciting in the motion that it had not been is no evidence.

"*Second*—The cause had not been continued over the term, which runs from the third Monday of one month to the Saturday next before the third Monday of the succeeding month.

"*Third*—The last reason is no reason.    Issue had been accepted by the appellee upon *non est factum* and *nil debet* by the appellant, and no form of other pleading would entitle the appellee to recover without proving the affirmative on these issues.    All other pleas and replications were useless verbiage.

"To the special plea of performance before filed, the court permitted the appellee then to file a replication, whereupon the appellant moved for a continuance, and offered to make and file an affidavit that by reason of filing such replication he was unprepared, etc., but did not do so.    No question arises on such an offer.    The act—not an offer—is what is required by the statute. (Sec. 26, Practice.)    Neither the proof required of the appellee nor the evidence admissible for the appellant was affected by that useless plea and what followed it. We treat it as surplusage.

"The action was debt upon a guardian's bond.    After a great deal of skirmishing as to the absence of the original bond, a copy was read without any objection shown on the abstract.    Whether secondary evidence of the bond was admissible is not now a question before us. The recital in the bond made other proof of the appointment of a guardian unnecessary.    *Blackburn* v. *Bell*, 91 Ill. 434.

"The only question which apparently touches the merits of the case is whether proof was made of the cause of action alleged.    The breach of the bond assigned was, 'that divers moneys and profits from the personal estate of Frank J. Degan, amounting to $5000, came to the hands of said Joseph Goergen, as such guardian, and that he converted and disposed of same to his own use.'    (Quoted from abstract.)    The only proof of that breach was an entry on the record of the probate court, as follows: 'In the matter of the guardianship of Frank J. Degan, minor.—It appearing to the court that upon presentation of a final account of the guardian in the above entitled

matter, that there is due said ward the sum of $1071.51, together with the sum of $120 accrued interest, and it further appearing that said Joseph Goergen, the guardian of said ward, is insolvent, it is therefore ordered and decreed that the said ward, Frank J. Degan, being now of lawful age, be authorized to commence legal proceedings against the said guardian and his sureties on his bond as guardian, to collect said money which may be due him from his said guardian and his sureties on account of the failure of said guardian to account for the money due his ward, it further appearing to the court that the guardian has failed to pay his ward the sum of money above mentioned within one day, in accordance with an order of the court heretofore entered in this cause.' To the introduction of that entry the appellants did not except, only saying: 'We object to that for the reason stated,— that the account and report are not put in to substantiate the adjudication.' After the evidence was all in the appellant moved the court to exclude the evidence and also to instruct the jury to find for the appellant, both motions for the reason that the evidence was variant from and did not support the declaration, and also, in a motion for a new trial, assigned as a ground that the verdict was not supported by the law or the evidence.

"The order, before copied, of the probate court is conclusive upon the appellant, surety on the guardian's bond, except for fraud or mistake. (*Gillett* v. *Wiley*, 126 Ill. 310.) The amount of the liability was thereby fixed, and it could have arisen only from moneys and profits from personal estate, so that, in legal effect, there was no variance. The hiatus in the order as to whom the money was due from is filled by the context.

"On the whole case, justice seems to have been done, and without error as to the appellant. As to his co-defendants, they are not here to complain, and he can not assign errors for them. *Richards* v. *Greene*, 78 Ill. 525.

"The judgment is affirmed."

CHYTRAUS & DENEEN, and WILLIAM S. YOUNG, for appellant.

CASE & HOGAN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On examination of this record we are impressed with the fact that absolute justice has been done in the judgment of the Appellate Court, and concur with that court in its discussion of the questions of law presented.

In the additional brief and argument filed in this court it is urged the Appellate Court avoided considering whether there was error in the circuit court in the admission in evidence of the order of the probate court. The action being upon a guardian's bond, and a copy having been admitted in evidence, the order of the probate court, on its face, shows a presentation of the final account of the guardian and the amount due, with accrued interest. The bond itself recited the guardianship, the names of the sureties, the order of the probate court reciting the presentation of the final account of the guardian, and the amount due. Such order, in connection with the bond, furnishes the evidence of the appointment of a guardian, the names of the sureties, the presentation of the final account and the amount found due thereon. Such order is conclusive upon the guardian and sureties upon his bond as to the amount actually in the hands of the guardian, and is impeachable only for fraud or mistake. It was not error to admit the order of the probate court in evidence.

Concurring, as we do, with the Appellate Court we decline to further discuss the question, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*