CONRAD L. NIEHOFF

*v.*

THE PEOPLE, for use of Frank J. Degan.

*Opinion filed December 22, 1897—Rehearing denied February 4, 1898.*

1. PRACTICE—*a defendant served with summons is presumed to know that amendments may be made.* A defendant served with summons is presumed, in law, to be constantly in court, and, under the further presumption that he knows the law, he is charged with notice that by leave of court the plaintiff may make any amendment necessary to sustain his cause of action.

2. SAME—*defendant served with summons is charged with notice of steps taken in case.* A defendant served with summons must take notice that the cause may be continued from term to term, and, in the absence of rules of court to the contrary, he is entitled to no special notice of continuances, or of amendments at the current term, or of orders made at a later term to which the cause is continued.

3. RES JUDICATA—*final order of probate court binds sureties on guardian's bond as to amount due ward.* An order of the probate court, on final settlement with a guardian, finding the amount due to the ward, is conclusive upon the guardian's bondsmen in a suit on the bond, and can be impeached only for fraud or mistake. (*Ryan* v. *People,* 165 Ill. 143, followed.)

*Niehoff* v. *People,* 66 Ill. App. 669, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

AXEL CHYTRAUS, and WILLIAM S. YOUNG, for plaintiff in error:

If a defendant has been served but has not appeared, and an amended declaration is filed subsequently to a default upon the original declaration, it is error to enter a judgment upon the new cause of action without any notice and rule upon the defendant to plead to such amended declaration, and particularly so if he is not actually in court at any time, when he might be held to have waived his right to plead by his acquiescence in the proceedings. *Scott* v. *Cromwell,* Breese, 25; *Griswold* v. *Shaw,* 79 Ill. 449.

Where a default is vacated by filing an amended declaration, it is error to enter a judgment upon such amended declaration without an issue or a default thereon. *Lehr* v. *Vandeveer,* 48 Ill. App. 511; *Crabtree* v. *Green,* 36 Ill. 278.

Where there is no appearance the plaintiff proceeds at his peril. It is true, the law declares a defendant who is served is in court for certain purposes. A plaintiff may prosecute the suit he has brought to judgment, but he can not substitute another suit for it. *Smitherton* v. *Owens,* Wright, (Ohio,) 574.

Where judgment is taken by default, the plaintiff is confined to a recovery of the particular amount or thing demanded in the prayer of the complaint. *Burling* v. *Goodman,* 1 Nev. 314.

A default admits nothing but what is properly alleged. *Cronan* v. *Frizell,* 42 Ill. 319.

As a *lis pendens,* an amendment setting up a "different ground" for relief will not relate back. *Stone* v. *Connelly,* 71 Am. Dec. 499; *Dudley* v. *Price,* 10 B. Mon. 88.

Where a declaration is not filed until after the commencement of the second term after service, it is error to

enter a judgment by default without a rule, and a service of it, requiring the defendant to plead. *Moody* v. *Thomas*, 79 Ill. 274.

Defendants who have been served but have not appeared are entitled to notice or service anew when an amendment is made which goes to the cause of action. Works on Jurisdiction of Courts, 306; *Janney* v. *Spedden*, 38 Mo. 395; *Morrison* v. *Walker*, 22 Tex. 18; *Furlow* v. *Miller*, 30 id. 28; *Stewart* v. *Anderson*, 70 id. 588; *McRae* v. *Brown*, 45 id. 507.

A party in court for one purpose is not there for every other purpose. 9 Mo. 638; *Smith* v. *Rollins*, 25 id. 408; *Lincoln* v. *Hilbus*, 36 id. 149.

CASE & HOGAN, for defendants in error:

A judgment by default for want of a plea cannot be set aside because wrongfully entered, after the term lapses at which it was rendered. The jurisdiction is at an end. *Maple* v. *Havenhill*, 37 Ill. App. 313; *Gage* v. *Chicago*, 141 Ill. 642; *Kelly* v. *Chicago*, 148 id. 90; *Leonard* v. *The Times*, 51 Ill. App. 427.

A default admits every ground upon which a recovery is sought. *Insurance Co.* v. *Kellogg*, 82 Ill. 614.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

An action of assumpsit was brought by Frank J. Degan, against Joseph F. Goergen, Michael W. Ryan and Conrad L. Niehoff, who were served with summons on March 8, 1895. A declaration containing the common counts only was filed on March 22, 1895. On March 26 leave was granted to amend all papers so as to make the suit in the name of the People of the State of Illinois, for the use of Frank J. Degan, and on the same day leave was granted to file an additional count instanter. This additional count was a count in debt, and alleged Frank J. Degan was a minor, and that Joseph F. Goergen was ap-

pointed his guardian, and executed a bond with Conrad Niehoff and Michael W. Ryan as sureties, which bond was duly approved, and after setting forth the liability under the bond a breach is alleged that certain moneys came to the hands of the guardian which he converted to his own use and failed to turn over to the plaintiff. After the filing of this count, and on April 1, 1895, a default was entered against Goergen and the plaintiff in error. The common counts were afterward withdrawn. Michael W. Ryan pleaded to the declaration, and subsequently an amended declaration, which amounted to an additional count, was filed by Degan and issue found thereon. This latter declaration was substantially the same as the former, the only material difference being, it was averred in the first amended declaration that money came to the hands of the guardian from the proceeds of rents and sale of real estate, and in the latter it was averred that money came to the hands of the guardian as the proceeds of moneys and profits of the personal estate. Under the issues made on these pleadings a trial was had with a jury, who found adversely to Ryan. The verdict of the jury was, at the request of counsel for defendant in error, against all of the defendants, and the assessment of the damages was placed at $1226.48. From that judgment Ryan prosecuted an appeal to the Appellate Court for the First District, where the judgment was affirmed, and then prosecuted an appeal to this court, where the judgment of the Appellate Court was affirmed, and is reported as *Ryan* v. *People*, 165 Ill. 143. Niehoff, Ryan's co-defendant below, has brought the case to this court by writ of error. The record in this case is the same as in that case.

The guardian's bond was in evidence, as also an entry on the record of the probate court, which entry is set out in full in the *Ryan case*, by which it appears a final account of the guardian was presented, and there was found due the ward, at the time of entering that order, a total sum of $1191.51. That order was held admissible

as evidence in the *Ryan case,* and was conclusive upon the guardian and his sureties unless impeached for fraud or mistake. (*Ryan* v. *People, supra; Gillett* v. *Wiley,* 126 Ill. 310.) This evidence was sufficient to authorize a recovery under either of the amended counts of this declaration. The default of the plaintiff in error admitted all matters well pleaded, and the evidence authorized a judgment for the amount found due.

It is contended that where an amended declaration setting up a different cause of action is filed after service of summons, and no appearance by one of the defendants, no judgment can be entered upon such declaration without a new summons or notice. It is also contended that where the amended count states a new cause of action at the same term at which the original count was filed, the statute of this State which provides for filing the declaration ten days before the term at which judgment may be entered precludes a right to a judgment on such declaration. It is further contended that the defendant in the original declaration having been served but not appearing, and a default entered, it is error to enter a judgment without any notice or rule upon the defendant to plead to the amended declaration.

The several contentions of plaintiff in error cannot be sustained. By section 23 of the Practice act (Rev. Stat. p. 778,) it is provided: "At any time before filing judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, * * * changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought." Section 25 of the same act provides that "no amendment shall be cause for a continuance unless the party affected thereby, or his agent or attorney, shall make affidavit that in consequence thereof he is unprepared to proceed to or with the trial of the cause at that term." By the service of

summons the plaintiff in error had notice of the pendency of the cause of action against him, and it was his duty to take notice of the law, which he is presumed to know, and under this presumption he is compelled to take notice of the fact that by leave of court the plaintiff might make any amendment necessary to sustain the cause of action for which his suit was intended to be brought. A defendant is compelled to know and take notice of the fact that the cause in which he is summoned to appear at a particular term of court may be continued from term to term, and under the law he must be in court, and no special notice is required of such continuances, or of any order made at a subsequent term to which the cause may be continued. In the absence of rules of court to that effect, no special notice is required of any amendment of any part of the record of the current term, as the presumption of law is that by reason of the service of summons the defendant is constantly present in court, and therefore has notice of all that takes place. (*Massachusetts Mutual Life Ins. Co.* v. *Kellogg*, 82 Ill. 614.) Neither is it necessary, in the absence of rules of court to that effect, for the defendant to have notice of every amendment. By the service of summons'he is brought into court, where it is his duty to be and appear until the case is disposed of, and he is entitled to no further service or notice under the practice in this State. If an amendment is made during the current term and before the final judgment, it is his duty to take notice of the same without any additional notice or summons.

The judgment of the Appellate Court for the First District is affirmed.                *Judgment affirmed.*