## Hilka Oltman v. Fred Schoenbeck, et al.

### Gen. No. 4,456.

1. NOTICE—*when party to cause chargeable with.*  In the absence of a rule of court, a party to the record in a cause is required to take notice of every step taken in the progress of the cause.

2. RULE OF COURT—*what does not establish.*  A recital in an *ex parte* motion as to a prevailing practice, does not establish the existence of a rule of court with respect to such practice.

Motion for leave to perfect appeal.  Appeal from the County Court of Livingston County; the Hon. C. F. H. CARITHERS, Judge, presiding. Heard in this court at the October term, 1904.  Affirmed.  Opinion filed April 25, 1905.

H. H. McDOWELL, for appellant.

R. R. WALLACE, A. C. NORTON, C. J. AHERN and R. B. CAMPBELL, for appellees.

MR. JUSTICE VICKERS delivered the opinion of the court.

At the December term, 1903, the County Court of Livingston County entered an order directing the clerk to write up proper convening orders of certain previous terms of said court at which proceedings were had in a cause pending for leave to sell real estate to pay debts by the administrator of John Rutz, deceased, and to enter such orders *nunc pro tunc.*

Hilka Oltman, appellant herein, was a party to said proceeding, and appeared by counsel, and resisted the making of the orders at the December term, 1903, took exceptions thereto, and prayed an appeal to this court, which was granted by the court upon condition that appellant file an appeal bond in the sum of $100 within twenty days, and present bill of exceptions in thirty days from December 8, the date of the order.

No appeal bond was filed, nor bill of exceptions presented during the December term, nor within the time fixed by the order of court.  At the March term, 1904, appellant appeared in open court, presented her bond and bill

.of exceptions, and made a motion, based on affidavits, that the bond be approved, and the bill of exceptions filed as of the December term, 1903, which was denied by the court, which ruling was excepted to, and this appeal is prosecuted to reverse that order.

The final order, allowing the appeal, was spread upon the records of the court on the day it was entered. The grounds set up as a reason why appellant had failed to file her bond and bill of exceptions within the time required by the order, is that she did not know the order had been written up. In the absence of a rule of court, a party to the record is required to take notice of every step taken in the progress of the case. Niehoff v. The People, 171 Ill. 243; Domestic Building Ass'n v. Nelson, 172 Id. 387.

Among other things, the following is set out in the motion:

"The practice of the said Probate Court has been as counsel is informed and advised, that on the allowance of an order or decree, the same should be shown to the opposing counsel before filing, or opposing counsel should be notified in some way that the same had been or was about to be filed; and this for the purpose of giving the opposing counsel opportunity to object, if he deemed said order or decree objectionable, and of filing the usual bill of exceptions."

This falls far short of showing a rule of court, requiring notice to appellant that the order had been prepared and filed.

The motion to dismiss the appeal, taken with the case, is overruled, and the judgment of the court denying leave to file the bond and bill of exceptions *nunc pro tunc* is affirmed.

*Affirmed.*