PETER RUPPE, JR., Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed June 20, 1911—Rehearing denied October 6, 1911.*

1. DEFAULT—*amending bill after entry of a pro confesso order vacates the order.* Amending the bill or filing an amended bill after the entry of a *pro confesso* order vacates such order, and the defendant is entitled to answer the bill as amended.

2. SAME—*a party in court by service of summons is bound to take notice of steps in the case.* A party in court by service of summons is bound to take notice of all steps taken in the case, and he is entitled to no further notice or service under the practice in this State.

3. SAME—*defendant is bound to know that bill may be amended by leave after default.* A defendant against whom a *pro confesso* order is entered is bound to know that the bill may be thereafter amended upon leave granted and that he may be ruled to answer the amended bill without special notice to him, and if the amendment is made and the rule is entered he may be defaulted a second time upon failure to answer.

4. JUDGMENTS AND DECREES—*what findings as to title are not inconsistent.* Findings of a decree that from the proof presented the complainant derived his title from the government and that all conveyances in the chain of his title from the government are duly recorded in the county are not inconsistent with nor vitiated by further findings that he acquired his title by deed from a certain person and that at the date of the deed the premises were vacant and unimproved, and that he thereafter, for more than nine successive years, paid all taxes and assessments under claim and color of title acquired in good faith, as aforesaid.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

VINCENT D. WYMAN, and OTTO W. JURGENS, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is the second appeal in this case. The opinion on the first appeal is reported in 243 Ill. 414. Upon being remanded to the superior court on the first appeal it was heard upon the same bill, and as there is no certificate of evidence here, reference is had to the former opinion for a statement of the allegations contained in the bill. The decree entered on this hearing contained the same findings as the former decree, and in addition found that appellee derived his title by *mesne* conveyances from the government of the United States, all of which were duly recorded in Cook county, Illinois; that the government patented the premises to one Hubbard on October 1, 1839, and that by *mesne* conveyances from Hubbard to appellee the government title became and was vested in appellee. Appellants urge as reasons for a reversal of this decree, that costs were erroneously taxed against D. Arnold, one of the appellants; that there are no allegations in the bill to support the findings in the decree that appellee derived his title by *mesne* conveyances from the government, and that the findings as to appellee's title are the same as those found to have been insufficient in the former appeal.

The ground for the first objection is, that after the filing of the original bill herein, and on January 15, 1909, Arnold was defaulted and an order *pro confesso* entered against him; that thereafter, on April 3, 1909, and at a subsequent term of the superior court, leave was given appellee to amend his bill by showing that prior to the com-

mencement of the suit a tender had been made to Arnold
in excess of the amount due him, the contention being, that
the order *pro confesso* entered against Arnold was a final
adjudication of the suit as to him, and that appellee did
not have the right, at a subsequent term, to so amend his
bill as to materially affect the interests of Arnold. Where
a *pro confesso* order has been entered, the effect of there-
after filing an amended bill or an amendment to the bill
is to vacate such order, and the defendants theretofore de-
faulted are admitted to answer as though an order *pro con-
fesso* had not been entered. (*Gibson* v. *Rees,* 50 Ill. 383.)
Upon the filing of this amendment the order defaulting
Arnold was set aside and a rule entered requiring him to
answer the amended bill, and upon his failing to do so he
was again defaulted. Where a defendant is once brought
into court he is required to be present and take notice of
every step taken in the progress of the cause. (*Mix* v.
*Beach,* 46 Ill. 311.) Appellant Arnold was compelled to
take notice of the fact that by leave of court appellee might
make any amendment necessary to sustain the cause of ac-
tion for which his suit was intended to be brought. By
the service of summons he was brought into court, where
it was his duty to be and appear until the case was dis-
posed of, and he was entitled to no further notice or ser-
vice under the practice in this State. (*Niehoff* v. *People,*
171 Ill. 243.) The court did not err in assessing costs
against appellant Arnold.

As to the second contention, appellee's bill alleges that
he is the fee simple owner of the premises, and that he ac-
quired title to the same by deed dated May 6, 1892, from
Annie Lehmann and others, and the decree finds that he is
such fee simple owner, and also that he acquired his title
by *mesne* conveyances from the government of the United
States, which was in addition to the finding in the former
decree. As we said in *Ruppe* v. *Glos,* 243 Ill. 414: "It
would not have been necessary to a finding in the decree

that appellee's grantors had title by regular chain from the government, to have found and recited all the conveyances and proof offered in evidence to prove that title, but if appellee's title depended upon proof of record title in his grantors, it was necessary that the decree contain some recital showing that the court heard proof upon the subject and of its conclusion drawn from that proof." This decree finds from the proof presented that appellee derived his title from the government and that all of the conveyances in the chain of title were duly recorded in Cook county. The fact that the decree, in addition, finds also that appellee acquired his title from Annie Lehmann by deed of May 6, 1892, and that at the date of said deed the premises were, and have since been, unimproved, unoccupied and vacant, and that for more than nine successive years thereafter appellee had paid all taxes and assessments levied or assessed against said premises under claim and color of title made in good faith and acquired as aforesaid, does not, as appellants claim, vitiate the finding of the decree that appellee derived his title from the government. It is apparent from the findings in the decree that the conveyance from Annie Lehmann to appellee was one of the conveyances in the chain of title from the government, and the finding that the premises, at the time of the making of that deed, were, and since have been, vacant and unoccupied, and that appellee had paid all taxes and assessments levied upon the premises under claim and color of title, in no respect destroys or impairs the finding that appellee was the fee simple owner of the premises by virtue of his title derived by *mesne* conveyances from the government.

The decree of the superior court removing the tax deed of appellants as a cloud upon the title of appellee is affirmed.

*Decree affirmed.*