## John J. Gburek, Appellant, v. Adam Kuss and Mary Kuss, Appellees.

### Gen. No. 27,137.

1. JUDGMENT—*insufficiency of ground for vacation of judgment.* An order setting aside and vacating a judgment, made under the Practice Act, sec. 89 (Cahill's Ill. St. ch. 110, ¶ 89), because of mistake of fact, is erroneous and without authority when it appears that the claimed mistake of fact arose from acts of the moving party's attorney, who did not read the published calls of the case in the Chicago Daily Bulletin, but relied upon an erroneous note at the foot of the trial call, stating the cases included, so that the failure of the party to appear at the time of trial was due to the lack of diligence on the part of the attorney.

2. JUDGMENT—*sufficiency of ground for vacating.* In order to vacate a judgment for mistake of fact, under the Practice Act, sec. 89 (Cahill's Ill. St. ch. 110, ¶ 89), the mistake must appear to be without negligence on the part of the moving party, and such as would have prevented the rendition and entry of the judgment.

Appeal from the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed. Opinion filed May 23, 1922.

MOSS & KING, for appellant; WALTER E. MOSS, of counsel.

CHARLES R. CASLER, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from an order setting aside and vacating a judgment entered for appellant in a case entitled as above, at a term preceding that in which

the motion was made and filed. The motion was made under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89]. The alleged error of fact was, that "said cause was inadvertently set for trial by mistake and without the knowledge or consent of defendants or their attorney, and judgment was entered therein without giving them an opportunity to be heard." Appellees questioned the jurisdiction of the court and the sufficiency both of the grounds for the motion, and of the proof to support them.

The proof in effect was that appellees' attorney relied upon and was misled by publications of the trial call of the case in the Chicago Daily Bulletin, in which the court proceedings of Cook county are published daily for the information of the bar. In vacating the judgment we think the court failed to distinguish between merely being misled and what constitutes mistake of fact to give jurisdiction under section 89.

The facts are as follows: The Bulletin of May 16, 1921, announced for Tuesday, May 17, the first call of the calendar from numbers 401 to 600, inclusive, and that the first fifty cases marked for trial would be subject to trial instanter. No complaint is made that appellees did not receive due notice of that call. At the foot of the trial call as announced in the Bulletin for Wednesday, May 18, were the words: "NOTE: The above call includes cases up to Calr. No. 486." The call extended no farther. Appellees' case was No. 585. The next issue of the Bulletin announced appellees' case by its proper number and title as on the trial call for Thursday, May 19. No such note was appended to the call so announced. There were no trial calls of such calendar for Friday or Saturday of that week. The trial calls announced for the following Monday and Tuesday both included appellees' case by its proper number and title. Through some mistake—for the trial calls after the previous Wednesday all went beyond case 485—said note reappeared

at the foot of the trial calls for Monday and Tuesday, May 23 and 24, respectively. Judgment was taken in the case May 24, and was announced in the Bulletin of that date. Appellees' contention of a mistake of fact consists in the claim of their counsel that he read and relied upon said note. But it is obvious that had he read the trial calls themselves, as they were announced, he would have seen that the case was on the trial call for some days before it was reached.

There is nothing in the record to show that the cause was not regularly on the trial call for those dates, as specifically announced in the Bulletin issues of Thursday, Monday and Tuesday, May 19, 23 and 24, respectively, or that judgment was not regularly taken on the last-named date, or that appellees were entitled to any other notice after the first call aforesaid, of which they were duly apprised. There is nothing in this state of facts which would excuse counsel for not reading the published calls as they were announced, or otherwise ascertaining the state thereof. His want of diligence in the matter is emphasized by the fact that although his case was reached May 24, he never discovered the fact for over a month, namely, on June 29, when he made the motion to vacate the judgment. His failure to give attention to the call for the rest of the May term is unexplained.

It would appear, therefore, that his failure to appear at the time the case was called for trial was due to his own lack of diligence and not to any mistake of fact such as entitles one to relief under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89].

The class of facts entitled to be reached by such provisions are enumerated in 5 Encyc. Pl. & Pr. 27, quoted in *People v. Noonan*, 276 Ill. 434. They relate to errors affecting the personal status of a party to the suit, such as death, infancy, coverture and insanity, and also to an error of fact, whereby a valid de-

fense, without negligence on the part of the defendant, was not made through duress or fraud or excusable mistake.

This case comes under no one of these classes. While appellees claim they had a legal defense—but omitted to state what it was—and seem to regard as an excusable mistake that their counsel was misled by said note at the foot of the trial calls, yet, to be availed of in a proceeding like this, the mistake must appear to be without negligence on their part, and also such as, if known in season, would have prevented the rendition and entry of the judgment in question. (*People v. Noonan, supra.*) But it cannot be said that their counsel, by whose acts they were bound, was without negligence in failing to read the trial calls instead of relying on said note, or that if the same excuse had been presented when the case was called it would have prevented the court from entering the judgment. "Diligence on the part of the party complaining is as essential to the right to relief by means of such motion as it is that a good defense to the action on its merits shall exist." (*W. A. Jones Foundry & Machinery Co. v. Aurora, E. & C. Ry. Co.,* 166 Ill. App. 166; *Chapman v. North American Life Ins. Co.,* 212 Ill. App. 389.) What was said in the former case just cited is applicable here: "The affidavits and evidence presented in support of the motion in this case signally failed to overcome the imputation of negligence on the part of appellant, arising from the facts shown by this record."

Accordingly the case not coming within the provisions of section 89 [Cahill's Ill. St. ch. 110, ¶ 89], and the court being otherwise without jurisdiction to vacate the judgment, the order vacating the same must be reversed.

*Reversed.*

Gridley, P. J., and Morrill, J., concur.