Harold Jacobson, by A. W. Jacobson, Appellee, v. Max Ashkinaze, Appellant.

Gen. No. 32,534.

480

Opinion filed June 20, 1928.

AARON R. EPPSTEIN, for appellant.

JACOBSON, MERRICK & LATTER, for appellee; CAM-ERON LATTER, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This cause comes on to be heard on appeal from an order of the superior court denying a written motion to vacate a judgment entered in said court on March 19, 1921, in favor of Harold Jacobson, a minor, by A. W. Jacobson, his next friend, plaintiff, against Max Ashkinaze, defendant. The written motion to vacate said judgment was filed June 9, 1923, over two years after the entry of said judgment, and as the reason for vacating and setting aside said judgment, charges:

That the plaintiff on August 14, 1919, filed a *praecipe* in said cause; that thereupon summons was issued which was duly served upon the defendant on August 18th of the same year. Charges that on October 24, 1919, a declaration was filed in said cause, consisting of one count, which alleged that the plaintiff, while in the exercise of due care for his own safety, was injured by a certain automobile driven in a careless and negligent manner by the defendant. Charges further that the defendant procured the services of Pierre G. Beach, an attorney at law; that said attorney on October 31, 1919, entered the appearance of the defendant in said cause and filed a plea of the general issue to said declaration; that on October 11, 1920, by order of court, said cause was stricken from the docket; that on December 30, 1920, a paper was

filed with the clerk of the superior court which stated that Beach withdrew as attorney for defendant and that J. Kentner Elliott was being substituted as attorney in his place. Charges that notice was filed in the office of said clerk, filed by plaintiff's attorney, addressed to J. Kentner Elliott as attorney for the defendant, stating that said attorney for the plaintiff would appear in court and move to vacate the order striking said cause from the docket and have same placed upon the trial call; that an order of court was entered vacating the order striking the cause from the docket and reinstated said cause and placed same upon the trial call for February 16, 1921. That on March 17, 1921, a jury was impaneled in said cause and on March 18, 1921, an *ex parte* verdict for $25,000 was returned against defendant and in favor of plaintiff and judgment entered on said verdict, and that on the said 18th day of March, 1921, an additional count was filed by plaintiff to his declaration, charging wilful and malicious conduct in injuring the plaintiff; that said cause was submitted to the jury, which answered special interrogatories presented to it, finding that the defendant was guilty of wilful and wanton misconduct. Charges that an execution on said verdict issued out of the superior court on the 10th day of May, 1923, directing the sheriff to bring in the body of the defendant by reason of the tort judgment. Charges that the defendant engaged the said Beach as his attorney at law and was told by the said Beach that the said cause would not come on for trial for several years and that he, the defendant, believed it and relied upon the skill, diligence and integrity of the said Beach, and that he had no knowledge of the proceedings until May, 1923, when he casually heard that there was a large judgment against him and that he then called upon the present counsel representing him on the hearing of this motion. Charges that he, the defendant, had no acquaintance with said Elliott, at-

torney at law, nor did he ever speak to him, and that he never knew or acquiesced in any substitution of attorneys and knew nothing of the proceedings at the trial. Charges further that the said Elliott had no authority to accept service of notice in said cause on the motion to reinstate said cause for trial nor do anything in and about said cause on behalf of the defendant. Charges further that the additional count filed in said cause, charging wilful and malicious injury by the defendant, was filed without leave of court being first had and obtained and, therefore, should be disregarded and stricken from the files. Charges further that the body summons was issued May 10th, and that the defendant had no knowledge of same until about the middle of May. Charges further that the plaintiff, Jacobson, at the present time appears to be well nourished and that the judgment for $25,000 is excessive and that the defendant has a valid defense to the action set forth in plaintiff's declaration and sets out in said written motion the facts in support of his contention that he, himself, at the time of the accident was not guilty of negligence.

A demurrer was interposed by plaintiff to vacate the judgment and, after a hearing upon said demurrer, the demurrer was sustained and the motion to vacate said judgment was denied, to which ruling of the court denying said motion, defendant excepted and prayed this appeal.

It is a well-recognized principle of law that every presumption will be indulged in the regularity of the proceedings of the trial court, unless it shall plainly be made to appear to the contrary. *Elliott v. Greene,* 172 Ill. App. 213.

After the term of the trial court at which a judgment is entered, the court has no authority to set aside the judgment for any alleged error of law and can only amend it in manner of form after notice to

the opposite party. The court, however, may correct errors of fact. Section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, provides that errors in fact, which by the common law could be corrected by a writ of error *coram nobis,* may be corrected upon motion within five years after the rendition of the judgment. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516.

The essentials of the proceeding upon the motion, provided for by section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, is governed by the same rules and the same practice as was applicable to a hearing upon a writ of error *coram nobis.* The most general class of cases in which such a writ would lie were those where it is made to appear by said writ that there was some disability of the parties, either to sue or defend, such as infancy, coverture, death of one or more of the parties, or of a joint party, or insanity, and it is generally such facts, which, if in the opinion of the court, would prevent the entry of a judgment, afford ground for the use and application of such a writ. It appears, however, that the rule has been extended somewhat but, in most instances, by statute. It will not lie to correct error or mistake of the judge in point of law, but, under such circumstances, a writ of error may be sued out in order to bring about a correction. *Marabia v. Mary Thompson Hospital of Chicago for Women and Children,* 309 Ill. 147, 153.

The Supreme Court in this State in the case of *People v. Noonan,* 276 Ill. 430, says:

" 'The office of the writ of *coram nobis* is to bring the attention of the court to and obtain relief from errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity, it seems at the time

of the trial; or a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake, these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned.' (5 Ency. of Pl. & Pr. 27.) This text is amply supported by authority. It will thus be seen that it is only such errors of fact as do not appear upon the face of the record which could be cured by the writ of error *coram nobis* or may now be corrected under section 89 of our Practice act.''

It has been too well established by decisions of this State that the court will not relieve a litigant where he, himself, is guilty of negligence, or has failed to protect his own interests. *Gburek v. Kuss,* 225 Ill. App. 346; *Cramer v. Illinois Commercial Men's Association,* 260 Ill. 516.

It has been said that diligence on the part of the party complaining is as essential to the writ of relief, as that a good defense to the action on its merits shall exist. A consideration of the facts as charged in the written motion to vacate the judgment shows that the defendant was personally served with summons, so that he had personal knowledge of the pendency of the suit. It appears further that he employed counsel who entered his appearance in said cause. It further appears that Elliott, another attorney at law, entered his appearance by and with the consent of Beach, the attorney employed by the defendant, so that it is natural to assume that the knowledge of the agent was the knowledge of the principal. Moreover, the judgment was entered March 18, 1921, and the defendant appears to have made no inquiries nor to have taken any steps to ascertain the status of the litigation until May 10, 1923, more than two years after the

entry of said judgment and over three years after the starting of said suit.

This court cannot help being impressed with the fact that from the lack of interest of the defendant in said cause it would appear that he was not concerned with a money judgment, but when a body execution was issued on said judgment, it caused the development of a lively interest on his part in the forgotten litigation.

The filing of the additional count charging wilful and wanton negligence on the part of the defendant was not irregular and was apparently done by and with the consent of the court because it appears from the record that the court gave the jury certain special interrogatories based upon said additional counts. Moreover, there is nothing to show that said cause was not reached in its regular order on the trial call and, at that time, parties litigant have the right to amend declarations or file additional counts where it is done without objection or with the consent of the court. Every presumption must be indulged in favor of the regularity of the proceedings. We cannot say that there is anything in the written motion to vacate the judgment which would entitle the defendant to have said judgment set aside.

For the reasons stated in this opinion the order of the trial court, sustaining a demurrer to the motion to vacate the judgment and denying the motion, is affirmed.

*Order affirmed.*

HOLDOM, P. J., and TAYLOR, J., concur.