Phenix Banking Company, Defendant in Error, v. Hannah M. Owens, Impleaded, Plaintiff in Error.

Gen. No. 7,810.

1

Opinion filed August 8, 1928.

JOHN A. BROWN, for plaintiff in error.

BRIAN & McMANUS and HARRY C. HEYL, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court.

Phenix Banking Company, a corporation, defendant in error, on October 22, 1925, filed a bill in the circuit court of Stark county to foreclose a mortgage against Hannah M. Owens, plaintiff in error, and others, in which said bill it is charged, among other things, that on February 2, 1921, Charles P. Owens, John T. Owens, Daniel J. Owens, Arthur P. Owens and Hannah M. Owens, all of Stark county, Illinois, being indebted to Northwestern Mutual Life Insurance Company in the sum of $40,000, executed their promissory note, making the same payable to Northwestern Mutual Life Insurance Company, at Milwaukee, Wisconsin, and delivered said note to said payee, promising to pay to its order the sum of $40,000, with interest at 6½ per cent per annum, payable semiannually, said note being accepted by said company as evidence of the indebtedness alleged; that to secure the payment of principal and interest the said Charles P. Owens and Mary C. Owens, his wife, John T. Owens and Ella A. Owens, his wife, Daniel J. Owens and Maria L. Owens, his wife, and Arthur P. Owens and Hannah M. Owens, unmarried, by their mortgage deed, dated February 2, 1921, conveyed to said Life Insurance Company, a corporation organized and existing under the laws of Wisconsin, and having its principal place

of business at Milwaukee, Wisconsin, in fee simple the following described real estate, together with the appurtenances thereto belonging, to wit, the west half of the southwest quarter of section No. twenty-three (23); the southeast quarter of section No. twenty-four (24); the northeast quarter of section No. twenty-five (25), and the northwest quarter of the northwest quarter of section twenty-six (26), all in township No. fourteen (14) north of range No. seven (7) east of the 4th P. M., in the county of Stark, Illinois. Also the following real estate situated in Bureau county, Illinois, to wit, the north twenty-seven acres of the southwest quarter of section No. thirty, township fourteen (14) north of range eight, east of the 4th P. M.

Hannah M. Owens, plaintiff in error, and all other defendants that executed the said note and mortgage, were served with summons, and she, together with other defendants in said bill, was defaulted, and the cause was referred to the master in chancery to take and report the testimony and conclusions. The evidence was taken and reported by the master and a decree of foreclosure was entered of said mortgage, finding the amount due, and ordering a master's certificate to issue to complainant regarding same, and, in default of redemption, that premises be sold and funds to be disbursed as provided by the decree, the master to issue deed to purchaser and providing for deficiency decree.

Thereafter, on January 19, 1926, and at the same term of court to which the suit was brought, on motion of Phenix Banking Company, defendant in error, the court vacated said decree, set aside the master's report, canceled the certificate issued by the master, and gave leave to amend the bill of complaint; the bill being amended, the court entered an order that the defendants thereto, as amended, answer the same instanter. Plaintiff in error and others failing to

answer said bill as amended were defaulted, and it was on the bill as amended that the decree of the court foreclosing said mortgage was finally entered, and it is from this decree that plaintiff in error prosecutes this writ of error.

It is the contention of the plaintiff in error that the court erred in setting aside the decree as entered on October 30, 1925, and in permitting the defendant in error to amend its bill and in ruling plaintiff in error to answer the same as amended instanter, without notice having been given of such proceedings.

The record discloses that this suit was instituted in Stark county, at its October term, 1925; that the plaintiff in error and other defendants in said suit were served with summons to appear at said term. The motion to vacate the decree, set aside the master's report and cancel the certificate issued by the master and for leave to amend the bill of complaint was made and allowed at the same term of court to which the suit had been brought.

A party in court by service of summons is bound to take notice of all steps taken in the case, and is entitled to no further notice or service under the practice in this State. *Ruppe v. Glos,* 251 Ill. 80. A defendant against whom a *pro confesso* order is entered is bound to know that the bill may be thereafter amended upon leave granted and that he may be ruled to answer the amended bill without special notice to him, and if the amendment is made and a ruling is entered, he may be defaulted a second time upon failure to answer. *Niehoff v. People,* 171 Ill. 243; *Ruppe v. Glos,* 251 Ill. 80. While it was not necessary to give notice of the setting aside of the decree, when it is had at the same term of court, however the court in the order which it entered, setting aside the decree, and granting leave to amend the bill, recites: ''It appearing to the court that due and proper notice has been given to all parties in interest of the hearing of said motion.''

It is further insisted by the plaintiff in error that the court, before allowing the amendment to the bill, should have set aside the former default. The general practice is, before an amendment is allowed, for the court to set aside and vacate any default theretofore entered, yet the allowing of the bill to be amended in effect operates as the setting aside and vacating of the default. *South Chicago Brewing Co. v. Taylor,* 205 Ill. 132; *Lyndon v. Lyndon,* 69 Ill. 43.

Plaintiff in error further contends that the court should not have ruled that she and her codefendants answer said amended bill instanter. Under the rule heretofore announced, the court did not commit any error in so ruling. The action of the court in permitting the master in chancery, with other members of the bar to testify as to what would be a usual, reasonable and customary fee to be taxed in favor of solicitors for defendant in error, is complained of by the plaintiff in error. The record discloses that the hearing on the question of solicitors' fees was before the court and not before the master in chancery. While it may not have been good practice for the master to testify under such circumstances, still so far as this record discloses, no prejudicial error resulted therefrom. There is nothing to disclose that the fee allowed the solicitors for the defendant in error is excessive.

It is then contended by the plaintiff in error that a person procuring a decree must preserve the evidence to support it. It has long been the practice that either the evidence should be preserved, or facts necessary to support the decree must be found therein. This point is not well taken, in as much as it is not insisted that sufficient facts were not found in the decree upon which to base the same.

Moreover, it may well be observed in passing that the plaintiff in error has not made it appear that she has been prejudiced in any way by the vacating of the

first decree and the granting of leave to amend the bill, and the entering of the second decree.

It is insisted by the defendant in error that instead of being prejudiced by the amendment to the original bill, and the entry of the second decree, the plaintiff in error was thereby benefited.

We have examined the record and we are clearly of the opinion that the plaintiff in error was not in any manner prejudiced by the action of the court in vacating the former decree and permitting the bill to be amended, and by taking the subsequent steps in the cause that necessarily followed.

In our judgment there is no reversible error to be found in this record, and for that reason the decree of the circuit court of Stark county will be affirmed, which is accordingly done.

*Decree affirmed.*