**Bird-Sykes Company, Defendant in Error, v. James F. McNamara, Plaintiff in Error.**

**Gen. No. 33,155.**

Opinion filed April 1, 1929.   Rehearing denied April 13, 1929.

A. L. SCHAF, for plaintiff in error.

ALEX MARKELS, for defendant in error; SEYMOUR LEWIS, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error defendant seeks to reverse a judgment of $1,650 rendered against him on February 16, 1928.

On December 20, 1927, plaintiff brought an action of replevin against defendant to recover one Paige automobile, the value of which was stated to be $1,650. Defendant was served, but the automobile was not taken by the plaintiff under the writ, his return showing that he was unable to find it. The writ was returnable January 2, 1928. The first order entered in the proceeding was on January 10, 1928, when an order was entered giving leave to plaintiff to file a statement of claim in trover instanter and it was further ordered that defendant file an affidavit of merits within ten days. Plaintiff filed its statement of claim in trover on that date, wherein it sets up that on June 10, 1927, defendant purchased from plaintiff a Paige automobile, that he paid part of the purchase price and executed notes secured by chattel mortgage for the balance; that default was made in the payment of one of the notes and that plaintiff elected under the terms of the chattel mortgage to declare the balance due; that plaintiff demanded a return of the automobile from defendant, which he maliciously refused to do, but on the contrary converted the same to his own use with the intent to cheat and defraud.

The record discloses that on February 16, 1928, on motion of plaintiff, defendant was ruled to appear instanter; that he failed to do so and was defaulted for want of appearance. The following appears in the order: "The court finds the defendant, J. F. McNamara, guilty in trover, maliciously converting property described in plaintiff's statement of claim; plaintiff's damages Sixteen Hundred Fifty and 00/100 Dollars ($1650.00)." Then follows the entry of judgment on the finding and awarding of execution. Afterwards a capias was issued and the defendant was taken into custody and he filed his petition in the county court under the Insolvent Debtors' Act and asked that he be discharged. The county court heard the matter and

remanded defendant to the custody of the bailiff and defendant has sued out a writ of error in this court in that case [*post,* p. 273], and on motion this court entered an order consolidating the causes for hearing on one set of abstracts and briefs. The abstracts and briefs have been filed in the municipal court case. No abstracts or briefs have been filed in the county court matter.

On May 29 defendant, by leave of court, filed a motion to vacate the judgment rendered by the municipal court, and in support of it filed his affidavit, and plaintiff was ruled to answer it within ten days. Plaintiff filed its verified answer and the matter came on for hearing, and on June 15, 1928, an order was entered overruling defendant's motion. From this order he prayed and was allowed an appeal to this court. Apparently the appeal was abandoned and this writ of error was sued out by him to reverse the judgment. Defendant, in his affidavit in support of his motion to vacate the judgment, set up that the suit when instituted by plaintiff was one of replevin, in which plaintiff alleged in its statement of claim that it was entitled to the possession of the automobile in question, and that defendant had wrongfully taken and detained the same; that suit was instituted December 20, 1928, and that no further proceedings were had in the cause until January 10, when an order was entered without notice to defendant granting leave to plaintiff to file its statement of claim in trover; that on February 16 an order was entered ruling the defendant to appear instanter and defaulting him for want of an appearance, and judgment was entered against defendant; that February 28 a writ of execution was issued and on March 24 a capias was also issued and that defendant was taken under the capias; that "no notice was ever served upon or received by him of the intention of said plaintiff to apply for the filing of the statement of claim in trover

. . . nor was any notice ever served upon or received by him, of the entry of the said judgment''; that plaintiff on February 16, 1928, filed in the cause a notice which was to the effect that defendant was notified that on January 10, 1928, plaintiff had filed its statement of claim in trover and that the cause was set for trial on February 16; that an affidavit of service was attached to this notice wherein the attorney for plaintiff swears that he mailed a copy of it to defendant, care of North American Life Insurance Co., 36 South State Street, Chicago; that the affidavit was subscribed and sworn to on February 13; that the notice was not received by defendant; that no copy of the notice was in the files of the cause and that defendant first learned that such notice was said to have been mailed when the matter came on for hearing in the county court. It was further alleged that afterwards plaintiff made a motion for leave to restore the notice, which was allowed; that by reason of the change in the cause of action from replevin to trover without his knowledge, defendant was prevented from interposing any defense to the trover action; that if he had had such notice he would have interposed as a defense that he did not have possession of the automobile when the demand was made upon him ''because the same had been stolen from him as far as defendant has any knowledge, and defendant has never recovered possession thereof''; that plaintiff still had in its possession the uncanceled notes evidencing the balance of the purchase price of the automobile; that by reason of the foregoing, defendant ''was made subject to being arrested under a capias,'' and that the court was without jurisdiction to enter the judgment under the trover statement of claim.

Plaintiff filed its answer to the petition wherein it set up that January 10 was the first day after the return of the writ when the cause was on the trial call; that at that time plaintiff appeared, as did a certain

counsel who claimed to represent defendant, and that since it appeared from the return of the bailiff that the automobile had not been taken on the writ, plaintiff asked leave of court to file its statement of claim in trover, which was granted, and which claim was on that day filed and a rule entered on the defendant to answer it as above set forth; that this was done in the presence of counsel representing defendant at the time; that the trial judge called attention of counsel who appeared on behalf of defendant that no written appearance had been filed by defendant and directed that this be done, and thereupon the cause was continued until February 10; that on the latter date counsel for plaintiff appeared together with his witnesses ready for trial; thereupon another judge, on whose call the cause then appeared, called attention to the fact that no written appearance of the defendant had been entered and inquired of counsel for plaintiff whether a notice had been served upon defendant that a statement of claim in trover had been filed; "that the attorney for the plaintiff informed the court that no such notice had been served at said time"; the trial judge then refused to hear the evidence and continued the case until February 16, instructing counsel for plaintiff to mail a notice to defendant advising him that the statement of claim in trover had been filed as per order of the court and that the cause would be tried on February 16; that on February 13 such notice was mailed to defendant; that on February 16 counsel for plaintiff again appeared before the municipal court, no one appearing for the defendant; that the original notice that had been mailed to defendant was shown to the judge; that afterwards, upon inspection of the files by counsel on two occasions, the notice was in the files; that afterwards defendant was arrested under the capias and proceedings instituted in the county court by defendant, and on such hearing the files and proceedings of the municipal court were offered in evidence, and that

the notice above mentioned was not then in the .files; that thereupon counsel for plaintiff obtained leave of the municipal court to supply the lost notice; that defendant had no defense to the matter set up in the claim for trover; that he was guilty of converting the automobile and that "said automobile was never stolen from said defendant as is set forth upon information and belief in defendant's petition."

The trial judge certifies that he heard no evidence on the hearing of the motion; so it is apparent that he heard the matter of defendant's affidavit in support of his motion and plaintiff's sworn answer thereto.

The manner of hearing defendant's motion to vacate the petition by the municipal court was according to the established practice. *Domitski v. American Linseed Co.*, 221 Ill. 161; *People v. Crooks*, 326 Ill. 266. In the *Domitski* case it was held that where a motion is made to vacate a judgment entered at a prior term, for errors of fact, it is the proper practice to hear the motion upon affidavits and counter-affidavits. It is there said (p. 166): "It is also contended that the court erred in hearing the motion upon affidavits. It has always been the practice in this State to hear proceedings of this kind upon affidavits and counter-affidavits."

The defendant in his affidavit in support of his motion swears in substance that had he been notified that the case had been changed from replevin to trover he would have interposed as a defense that he did not have the automobile at the time the demand was made upon him for it, "because the same had been stolen from him as far as defendant has any knowledge, and defendant has never recovered possession thereof"; and further, that the plaintiff still had in its possession defendant's notes evidencing the balance of the purchase price. Plaintiff in its sworn answer to this petition makes affidavit to the effect that defendant had no defense to the trover action because he was guilty of converting the automobile and that it was not stolen

from him, ''as is set forth upon information and belief in defendant's petition.''

Under these allegations the trial judge might well have believed that the automobile had not been stolen from the defendant, in which case of course the alleged defense would have been unavailing. In this connection the court might also have had in mind the fact that although defendant was served with process in the replevin suit by the bailiff of the municipal court on December 22, 1927, which writ was returnable as stated in the writ on January 2, 1928, yet the defendant paid no attention to the matter, as he says he did not appear in court nor have anyone appear in his behalf. This action of defendant is not the course usually pursued by one whose reason for not surrendering the automobile was that it had been stolen from him before the writ was served. Assuming that the trial judge took these views, we think the order entered by him refusing to vacate the judgment was the only one that could logically be entered. Furthermore, we are of the opinion that the contentions of defendant in this court cannot be sustained. The argument that rule 34 of the municipal court requires that a notice should have been given to him that plaintiff proposed to ask leave to file a statement of claim in trover, is unsound. That rule provides for the serving of notice on opposing counsel under certain circumstances and contains the following: ''Where a party is in default for want of appearance, no notice shall be required, except upon the order of the court.'' The defendant having failed to file his appearance was in default for want of appearance and therefore the rule did not apply and no notice was required. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516.

The defendant contends that the filing of the statement of claim in trover on January 10 constituted a change in the cause of action; that the cause of action stated in plaintiff's statement of claim was that the

defendant had wrongfully retained possession of the automobile, while in the trover action it was charged that he had maliciously converted the automobile to his own use. In support of this the cases of *Dahlin v. Maytag Co.*, 238 Ill. App. 85; *Gilbert v. American Trust & Savings Bank*, 118 Ill. App. 678, are cited. We think neither of these cases is in point. The *Dahlin* case was an action in assumpsit to recover damages for breach of contract; the praecipe and summons laid the damages in the sum of $5,000, and a declaration was filed where *ad damnum* was $2,500. Afterwards the *ad damnum* was raised to $5,000 by leave of court, without notice, and defendant immediately defaulted. The case was heard *ex parte* and the evidence indicated that the damages were more than $4,400, for which amount judgment was entered. The court held that the evidence did not sustain damages to the extent of more than $3,000. It also held that it was error to increase the *ad damnum* without notice to the defendant. The court in its opinion cited the *Gilbert* case, *supra*. In that case the defendant took judgment by default on a note for $2,500. Subsequently an amended declaration was filed so as to include two other notes and the *ad damnum* increased to $15,000. No notice of this change was given the defendant, and it was held that this was error.

The statute provides that in a replevin suit, where the property is not taken on a writ, plaintiff may declare in trover. (Cahill's St. ch. 119, ¶ 18.) The defendant is presumed to know the law. He is presumed to know that when he had not entered his appearance the rule of the municipal court did not require that notice be given him. He, having been summoned, is presumed in law to be constantly in court, and is under the further presumption charged with notice that the plaintiff by leave of court may make any amendment necessary to proceed with his cause of action. *Niehoff*

*v. People,* 171 Ill. 243. But he paid no attention to the proceeding until several months afterwards, when he was arrested under the capias, as was the fact in the case of *Jacobson v. Ashkinaze,* 249 Ill. App. 479. Under the law, when the automobile was not taken on the writ of replevin, suit was substantially at an end. Plaintiff could recover nothing in that case unless it declared in trover, as the statute gave it the right to do. The defendant is presumed to know this, and having paid no attention to the matter he cannot now be heard to complain. He certainly is guilty of such negligence that no court would be warranted in vacating the judgment rendered against him. On such a motion as the defendant made it is always a prerequisite of the granting of the motion that the defendant be free from negligence. (*Jacobson* case, *supra.*) Such is not the case here.

The *Niehoff* case was an action in assumpsit. Summons was served and the declaration filed contained only the common counts. Afterwards leave was given plaintiff to amend all papers and to file an additional count in debt, and this was done without notice to defendants. Some of the defendants were later defaulted. The common counts were afterwards withdrawn. Subsequently an amended declaration which amounted to an additional count was filed. The court said (p. 247): "It is contended that where an amended declaration setting up a different cause of action is filed after service of summons, and no appearance by one of the defendants, no judgment can be entered upon such declaration without a new summons or notice." The court then refers to sections 23 and 25 of the Practice Act, Cahill's St. ch. 110, ¶¶ 23, 25, and continuing says (pp. 247, 248): "By the service of summons the plaintiff in error had notice of the pendency of the cause of action against him, and it was his duty to take notice of the law, which he is presumed to know,

and under this presumption he is compelled to take notice of the fact that by leave of court the plaintiff might make any amendment necessary to sustain the cause of action for which his suit was intended to be brought. A defendant is compelled to know and take notice of the fact that the cause in which he is summoned to appear at a particular term of court may be continued from term to term, and under the law he must be in court, and no special notice is required of such continuances, or of any order made at a subsequent term to which the cause may be continued. In the absence of rules of court to that effect, no special notice is required of any amendment of any part of the record of the current term, as the presumption of law is that by reason of the service of summons the defendant is constantly present in court, and therefore has notice of all that takes place. . . . Neither is it necessary, in the absence of rules of court to that effect, for the defendant to have notice of every amendment. By the service of summons he is brought into court, where it is his duty to be and appear until the case is disposed of, and he is entitled to no further service or notice under the practice in this State. If an amendment is made during the current term and before the final judgment, it is his duty to take notice of the same without any additional notice or summons.''

We are further of the opinion that the contentions of defendant, that his motion to vacate the judgment should have been allowed because it appears from his affidavit in support of the motion that plaintiff still had in its possession the uncanceled notes of the defendant for the full amount of its claim, and that this allegation is not denied by plaintiff in its answer, cannot be sustained. Plaintiff had a right to maintain replevin although it still held the notes. *Barchard v. Kohn,* 157 Ill. 579. It is there held that the holder of a chattel mortgage after default has three remedies

and that he may pursue, one, two or all of them concurrently—an action at law on the notes, an action to recover the mortgaged property (viz., replevin) and foreclose the mortgage. Of course there can be but one satisfaction.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.